IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER TEMPLIN, VIOLA HENDRICKS, FELDMAN'S MEDICAL CENTER PHARMACY, INC., and FCS PHARMACY, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>INDEPENDENCE BLUE CROSS, QCC INSURANCE COMPANY, and CAREFIRST, INC.<br><br>    Defendants. | Case No.: 09-4092 (JHS) |

---

**BRIEF IN SUPPORT OF DEFENDANT CAREFIRST, INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

            ARCHER & GREINER
            A Professional Corporation
            One Centennial Square
            P.O. Box 3000
            Haddonfield, NJ 08033-0968
            (856) 795-2121

            On the Brief:
            Mark J. Oberstaedt, Esquire

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

FACTS AND PROCEDURAL HISTORY .........................................................................2

LEGAL ARGUMENT ..........................................................................................................5

    POINT I ..........................................................................................................................6

    The Pharmacy Plaintiffs Lack Standing Because the Plan Expressly Forbids an
    Assignment of Benefits ..................................................................................................6

    POINT II .........................................................................................................................7

    The ERISA Claims Against CareFirst Must Be Dismissed as a Matter of Law Because
    CareFirst is not a Proper Party Defendant. ...................................................................7

    POINT III .....................................................................................................................12

    The Individual Plaintiffs Claims Against CareFirst Should be Dismissed for Failure to
    Exhaust Administrative Remedies ..............................................................................12

CONCLUSION ...................................................................................................................15

# TABLE OF AUTHORITIES

## FEDERAL CASES

Berger v. Edgewater Steel Co., 911 F.2d 911 (3d Cir. 1990)..........................................13

Curcio v. John Hancock Mutual Life. Insurance Co., 33 F.3d 226 (3d Cir. 1994).......9, 12

D'Amico v. CBS Corp., 297 F.3d 287 (3d Cir. 2002) ......................................................13

Harrow v. Prudential Insurance Co. of America, 279 F.3d 244 (3d Cir. 2002) ................14

Mulder v. PCS Health Systems, Inc., 432 F. Supp. 2d 450 (D.N.J. 2006)........................12

## STATE CASES

Blahuta-Glover v. Cyanamid Ltd. Plan, Case No. 95-7068, Civ. Action No. 95-7069, 1996 WL 220997 (E.D.Pa. April 30, 1996)......................................................11

Capozzi v. Northampton County, Civ. Action No. 08-1480, 2009 WL 2854859 (E.D.Pa. Sept. 3, 2009) ................................................................................................6

Fitzgerald Gerald v. Bank of American Corp., 2009 WL 3806759 (E.D. Pa. Nov. 10, 2009)......................................................................................................................9

Fowler v. UPMC Shadyside, No. 07-4285, 2009 WL 2501662 (3d Cir. Aug. 18, 2009)..........................................................................................................................6

Menendez v. United Food & Committee Workers Local, 450T, AFL-CIO, Civ. Act. No. 2005 WL 1925787 (D.N.J. Aug. 11, 2005) ..................................................13

North Jersey Center for Surgery, P.A. v Horizon Blue Cross Blue Shield of NJ, Civ. Act No. 07-4812, 2008 WL. 4371754 at 4 (D.N.J. 2008) ....................................7

North Jersey Center for Surgery, 2008 WL. 4371745..........................................................8

Reinert v. Giorgio Foods, Inc., Civil Action No. 06-cv-1101, 2006 WL 3250864 (E.D. Pa. June 25, 1997)............................................................................................11

Shepard v. Aetna Life Insurance Co., Civ. Action No. 09-1436, 2009 WL 2448548 (E.D. Pa. Aug. 7, 2009) .................................................................................13

Smith v. Prudential Health Care Plan, Civil Action No. 97-891, 1997 WL 587340 (E.D. Pa. Sept. 9, 1997) ..............................................................................................11

Sparks v. Duckrey Enterprises, Inc., 2007 WL 320260 (E.D. Pa. 2007) ............................ 12

Temple University Hospital, Inc. v. Group Health Inc., Civil Action No. 05-102,
    2006 WL 1997424 (E.D. Pa. July 17, 2006) ................................................................ 8

Utility Workers Union, 2009 WL 331321 ................................................................. 13, 14

Utility Workers Union of America, Local 601 v. PSE&G, Civil Action No. 07-
    2378, 2009 WL 331421 (D.N.J. Feb. 10, 2009) ......................................................... 13

## FEDERAL STATUTES

29 U.S.C. §1002(21) ........................................................................................................ 12

29 U.S.C. §1132(a)(3)(B) and §1109 ............................................................................ 6, 9

## FEDERAL RULES

Fed.R.Civ.P. 12(b)(6) ......................................................................................................... 2

Defendant CareFirst, Inc. ("CareFirst") submits the following brief in support of its motion to dismiss plaintiffs' First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## **INTRODUCTION**

The Amended Complaint in this ERISA denial of benefits matter fails to state a claim for three reasons: it has the wrong plaintiffs, it has the wrong defendants, and it was brought in the wrong forum.

First, the Amended Complaint asserts claims on behalf of two sets of plaintiffs. The first set of plaintiffs are two employees who allegedly were denied pharmaceutical benefits for themselves or their dependants under the terms of their employer's ERISA-governed health benefits plan. While the employees are proper plaintiffs in an ERISA denial of benefits case, the second set of plaintiffs are the pharmacies that allegedly provided the products or services to the participants at issue. The pharmacies claim that they have a right to bring suit for payment under ERISA because they hold benefit assignments from the participants. As explained below, however, the health plan at issue expressly forbids any such assignment and that provision is enforceable under ERISA. As such, the pharmacy plaintiffs do not have standing to sue under ERISA and their claims should be dismissed as a matter of law.

Second, the Amended Complaint wrongfully targets CareFirst as a defendant. As explained below, CareFirst is not a proper party defendant to this action because claims for denial of benefits under ERISA may only be brought against the ERISA plan itself. Even if this Court finds that ERISA denial of benefits claims can also be brought against plan fiduciaries, plaintiffs do not contend that CareFirst served the Plan in a fiduciary capacity and, therefore, CareFirst is not a proper party defendant. Therefore, the claims against CareFirst should be dismissed as a matter of law.

Third, the proper forum for the employee plaintiffs to have brought their claims for benefits was the Plan's mandatory administrative appeals process. While plaintiffs plead that such actions would be futile and that they should be absolved of their obligation to exhaust that process, they fall far short of the strict requirements set forth by the Third Circuit for proving futility. As such, the Amended Complaint must be dismissed against CareFirst because plaintiffs failed to exhaust their mandatory administrative remedies.

For these and the other reasons set forth below, the Amended Complaint fails to state a claim upon which relief may be granted and should be dismissed. Moreover, because plaintiffs have already tried and failed on two occasions to assert legally cognizable claims against CareFirst, and because the problems with their claims are not capable of being cured with further pleading amendments, any request for leave to try yet again should be denied.

## FACTS AND PROCEDURAL HISTORY

The following facts are set forth in plaintiffs' First Amended Complaint and the exhibits thereto and are accepted as true for purposes of this motion only.

Plaintiffs Christopher Templin and Viola Hendricks (collectively, the "Individual Plaintiffs") contend that they are employees of Factor Health Services II, LLC ("Factor II"), and that they are participants in an ERISA-governed health insurance plan sponsored by Factor II. According to the Amended Complaint, the Individual Plaintiffs are hemophiliacs or provide support for their hemophiliac dependents or family members. (Amended Complaint ¶¶ 1,2,8,10).

Plaintiffs allege that Factor II entered into a group health insurance policy with defendant QCC Insurance Company on or about October 1, 2007 and that the policy was renewed on October 1, 2008 and October 1, 2009. (Amended Complaint at ¶¶ 15, 20). The document

outlining the terms of the "Personal Choice Health Benefits Plan" is attached as Exhibit "B" to the Amended Complaint (the "Plan"). Among other things, the Plan sets forth an administrative process for resolving denial of benefits claims. Specifically, the Plan contains a section entitled "Resolving Problems" which explains the various types of appeals, the composition and role of the appeals committee, and the time limits that are applicable to each type of appeal. (Plan at pp. 3.2-70 to 75).

In addition, the Plan makes clear that participants, such as the Individual Plaintiffs, must follow the appeal process before they can file a claim in court under ERISA:

> **Right to Pursue Civil Action**. If the Member is enrolled in a group health plan that is subject to the requirements of Employee Retirement Income Security Act of 1974 (ERISA), he has the right to bring a civil action under Section 502(a) of the Act after completing the Member Appeal processes described here.

(Plan at pp. 3.2-71).

The Plan expressly forbids participants from assigning their rights to receive benefit payments under the Plan to anyone, including any providers:

> The right of a Covered Person to receive benefit payments under this Plan is personal to the covered person and is not assignable in whole or in part to any person, Hospital, or other entity nor may benefits of this coverage be transferred, either before or after covered services are rendered."

(Plan at pp. 3.2-22).

Plaintiffs Feldman's Medical Center Pharmacy, Inc. and FCS Pharmacy LLC (collectively, the "Pharmacy Plaintiffs") contend that they are providers that dispensed "specialized medications, products, and services, including factor" directly to the Individual Plaintiffs or their dependents. (Amended Complaint at ¶ 15). The Pharmacy Plaintiffs further contend that they allegedly obtained an assignment of the benefit payments due under the Plan

from the Individual Plaintiffs, although no assignment documents are attached to the Amended Complaint. (Amended Complaint at ¶11).

The Pharmacy Plaintiffs further contend that, pursuant to these alleged assignments, they submitted insurance claims to the defendants, including CareFirst, that have not been paid under the Plan. (Amended Complaint at ¶21). The Amended Complaint does not distinguish between claims that were allegedly sent for payment to CareFirst as opposed to claims that were allegedly sent to the other defendants.

At no point in their Amended Complaint do plaintiffs allege that they pursued the required administrative appeal through CareFirst or, for that matter, any of the other defendants. Rather, plaintiffs argue that such an appeal would be futile because the Pharmacy Plaintiffs allegedly made efforts to resolve the claims with defendant Independence Blue Cross ("IBC"). (Amended Complaint at ¶¶ 22-27). The Amended Complaint makes no allegations that any of the plaintiffs made any effort - - formal or informal - - to resolve the claims with CareFirst.

The Individual and Pharmacy Plaintiffs jointly filed their original complaint against these same three defendants on or about September 9, 2009. [Docket Entry No. 1]. The original complaint alleged causes of action for alleged violations of Pennsylvania Statute 991.2166 and breach of fiduciary duty under ERISA. IBC filed a motion to dismiss the original complaint under Fed.R.Civ.P. 12(b)(6). [Docket Entry No. 3]. Following receipt of that motion, the parties entered into a stipulation allowing plaintiffs an opportunity to amend their complaint. [Docket Entry No. 11].

Plaintiffs' Amended Complaint, which was filed on or about December 2, 2009, abandons all three prior causes of action and now seeks relief against all three defendants solely

under a theory of denial of benefits under §502(a)(1)(B) of ERISA [29 U.S.C. §1132(a)(1)(B)]. [Docket Entry No. 16].

CareFirst now moves to dismiss the Amended Complaint under Fed.R.Civ.P. 12(b)(6).

## **LEGAL ARGUMENT**

As this Court recently explained in Capozzi v. Northampton County, Civ. Action No. 08-1480, 2009 WL 2854859 at * 2 (E.D.Pa. Sept. 3, 2009), the Rule 12(b)(6) motion to dismiss standard "has undergone recent transformation, culminating with the Supreme Court's Opinion in Ashcroft v. Iqbal, U.S. 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009)." After Iqbal, "it is clear that 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice' in defeating a motion to dismiss." Id. Applying this principle of Iqbal, the Third Circuit has articulated a two part analysis for evaluating whether allegations in a complaint survive a motion to dismiss. Fowler v. UPMC Shadyside, No. 07-4285, 2009 WL 2501662 (3d Cir. Aug. 18, 2009).

First, "the factual and legal elements of a claim should be separated, meaning 'a District Court must accept all of the complaints well-pleaded facts as true, but may disregard any legal conclusions.'" Capozzi, 2009 WL 2854859 at * 2 (quoting Fowler, 2009 WL 2501662 at *17). Second, "the Court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a 'plausible claim for relief.'" Id. "In other words, a complaint must do more than allege a plaintiff's entitlement to relief; it must 'show' such an entitlement with its facts." Id. The new "plausibility" determination under step two of the analysis "is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id.

"In conducting this two step analysis, the Court, in addition to reviewing the Complaint, may also review documents attached to the Complaint and matters of public record." Id. (citing Lum v. Bank of America, 361 F.3d 217, 221 n. 3 (3d Cir.2004)).

Applying this new standard to the Amended Complaint in this case leaves no doubt that plaintiffs' ERISA claims must be dismissed as against defendant CareFirst.

## POINT I

### The Pharmacy Plaintiffs Lack Standing Because the Plan Expressly Forbids an Assignment of Benefits

The claims of the Pharmacy Plaintiffs must be dismissed because these assignees do not have standing. "Under [§502(a) of ERISA], the civil enforcement provision of ERISA, only participants and beneficiaries may sue to recover benefits or to enforce rights due under a plan." Lehigh Valley Hosp. v. UAW Local 259 Social Security Dep't., Civil Act. No. 98-4116, 1999 WL 600539 at *3 (E.D. Pa. Aug. 10, 1999). Here, the Pharmacy Plaintiffs are neither participants nor beneficiaries and, therefore, do not have a legal right of their own to pursue payment on these claims.

Indeed, the Pharmacy Plaintiffs do not contend that they have standing in their own right to pursue claims under ERISA. Instead, they contend that their standing derives from an assignment of benefits that they allegedly obtained from the Individual Plaintiffs.

This argument fails for two key reasons. First, the Complaint does not attach any of the assignment of benefits forms that the Individual Plaintiffs or their dependants allegedly executed and, therefore, a key element of proof is absent. See, e.g., North Jersey Center for Surgery, P.A. v Horizon Blue Cross Blue Shield of NJ, Civ. Act. No. 07-4812, 2008 WL 4371754 at *4 (D.N.J. 2008) (where alleged right to assert a claim for denial of benefits rests on assignment, failure to

produce proof of actual assignment documents and the language therein "leaves the Court with grave doubt that Plaintiff would have standing to sue under ERISA"). Mere allegations in a pleading do not suffice. See id. at *3 (district court opinion) and *8 (report and recommendation).

Second, and more importantly, even if the Pharmacy Plaintiffs could proffer evidence of the alleged assignments, derivative standing is not available because the Plan explicitly prohibits such assignments. Specifically, the Plan states that the right to receive benefit payments "is personal to the Covered Person and is not assignable in whole or in part to any person, Hospital, or other entity nor may benefits of this coverage be transferred, either before or after Covered Services are rendered." (Plan at pp. 3.2-22). The law is settled that anti-assignment provisions such as the one at issue here are enforceable under ERISA. See, e.g., Lehigh Valley Hosp., 1999 WL at 600539 at *3; Temple Univ. Hosp., Inc. v. Group Health Inc., Civil Action No. 05-102, 2006 WL 1997424 at *10 (E.D. Pa. July 17, 2006); North Jersey Center for Surgery, 2008 WL 4371745 at *8 n.1.

Because the Plan expressly prohibits an assignment of benefits, and because the Pharmacy Plaintiffs' alleged standing is based solely upon the purported assignments, the Pharmacy Plaintiffs' claims against CareFirst must be dismissed as a matter of law.

## POINT II

### The ERISA Claims Against CareFirst Must Be Dismissed as a Matter of Law Because CareFirst is not a Proper Party Defendant.

Both counts of the Amended Complaint assert claims under ERISA §502(a)(1)(B) against all three defendants. Plaintiffs contend that they have been wrongfully denied benefits under the terms of the Plan.

Plaintiffs' claims however, are asserted against the wrong defendant. As recently recognized by Judge Joyner in Fitzgerald Gerald v. Bank of American Corp., 2009 WL 3806759 (E.D. Pa. Nov. 10, 2009), the district courts within the Third Circuit are split as to who may be a proper defendant under ERISA §502(a)(1)(B). Id. at *3 and n.1 (citing and discussing cases on both sides of the split).

The holdings in these cases break down as follows: On the one side, courts that have focused upon the statutory language of ERISA have held that the language of ERISA §§ 502(a)(1)(B) and 502(d) "clearly and unambiguously provide[] that the plan is the only entity against whom claims for benefits under the plan may be brought." See, e.g., Guiles v. Metropolitan Life Ins. Co., Civil Act No. 00-5029, 2002 WL 229696 (E.D. Pa. Feb. 13, 2002 at *1). The other line of cases holds that persons who serve in a fiduciary capacity to an ERISA plan may be held liable for recovery of benefits in addition to the Plan itself. The courts that have taken this second approach have done so relying primarily upon the Third Circuit's decision in Curcio v. John Hancock Mut. Life. Ins. Co., 33 F.3d 226 (3d. Cir. 1994), which was decided under ERISA §502(a)(3)(B) and §509 [29 U.S.C. §1132(a)(3)(B) and §1109].

In Guiles, Judge Robreno performed a detailed analysis of the statutory language and its purpose and concluded that it was clear that the ERISA plan itself is the only proper defendant in an ERISA denial of benefits case under §502(a)(1)(B). In Guiles, the plaintiff was a participant in an ERISA-qualified long-term disability plan administered by Metropolitan Life Insurance Company ("Met Life"). The plaintiff sought disability benefits under the plan, which Met Life denied. The plaintiff thereafter brought an action against Met Life seeking payment of the benefit allegedly owed under the plan and Met Life moved for dismissal on the grounds that it was not a proper party defendant.

Noting that cases within the Third Circuit had reached different results, Judge Robreno began by examining ERISA's statutory language and he found that the statute authorized civil actions against plans:

> a Civil Action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Guiles, 2002 WL 229696 at *1 (quoting 29 U.S.C. §1132(a)(1)(B)).

Judge Robreno then analyzed ERISA §502(d)(2), which provides as follows:

> Any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established as individual capacity under this title.

Id. (quoting 29 U.S.C. §1132(d)(2)).  Thus, Judge Robreno found that ERISA's statutory language when "read together clearly and unambiguously provides that the plan is the only entity against whom claims for benefits under the plan may be brought." Id. (citing Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324-25 (9th Cir. 1985)).

Judge Robreno then examined the reasoning behind those cases which have held that fiduciaries may also be liable under ERISA §502(a)(1)(B) and he specifically looked at whether the Third Circuit's decision in Curcio could be read to hold that a fiduciary was a proper party defendant under that section.  His analysis concluded that Curcio was distinguishable for several important reasons.  First, he concluded that Curcio "involved a claim against the plan administrator for equitable relief pursuant to theories of equitable estoppel [ERISA §502(a)(3)(B)] and for breach of fiduciary duty under [ERISA §509]." Id. at *2.  Noting that denial of benefits claim arose under a different section of ERISA, the court concluded that the reasoning in Curcio was not applicable.

Second, Judge Robreno distinguished Curcio by finding that it "involved allegations that the plan administrator was a fiduciary and had breached its duty," whereas a claim for denial of benefits under ERISA §502(a)(1)(B) "does not allege any breaches of duty on the part of the plan administrator." Id. at *2. Holding that the "statutory mandate is clear, and Curcio does not apply," the court granted judgment as a matter of law in favor of the plan administrator on the grounds that it was not a proper party defendant. See also Smith v. Prudential Health Care Plan, Civil Action No. 97-891, 1997 WL 587340 (E.D. Pa. Sept. 9, 1997) ("Prudential correctly argues that the Plan is the only proper defendant in a claim for money damages under this section [ERISA § 502 (a)(1)(B)]"); Reinert v. Giorgio Foods, Inc., Civil Action No. 06-cv-1101, 2006 WL 3250864 at *8-9 (E.D. Pa. June 25, 1997) ("Plaintiff's claims under [ERISA §502 (a)(1)(B)] are dismissed because the Plan is the only appropriate defendant to these claims"); Blahuta-Glover v. Cyanamid Ltd. Plan, Case No. 95-7068, Civ. Action No. 95-7069, 1996 WL 220997 (E.D.Pa. April 30, 1996) ("ERISA permits suits to recover benefits under [ERISA §502 (a)(1)(B)] only against a plan").

Here, CareFirst respectfully submits that Judge Robreno's analysis reached the correct conclusion: an ERISA plan is the only proper party defendant in a ERISA denial of benefits case under §502(a)(1)(B). CareFirst respectfully submits that this Court should apply the same reasoning here and dismiss the Amended Complaint against CareFirst because it is not the Plan and, therefore, is not a proper party defendant.

Even if this Court were to conclude that a plan fiduciary may also be a proper party defendant under ERISA §502(a)(1)(B), the claims still must be dismissed as against CareFirst because the facts set forth in the Amended Complaint do not establish that CareFirst served the Plan in a fiduciary capacity. ERISA defines "fiduciary" as a person who exercises discretionary

authority or control over the plan's management, administration or assets. 29 U.S.C. §1002(21)(A). Under Third Circuit law, "the linchpin of fiduciary status is discretion." Sparks v. Duckrey Enterprises, Inc., 2007 WL 320260 at *7 (E.D. Pa. 2007) (citing Curcio, 33 F.3d. at 233). By contrast, those persons "who perform purely ministerial tasks, such as claims processing and calculation, cannot be fiduciaries because they do not have discretionary roles." Id; see also Mulder v. PCS Health Systems, Inc., 432 F. Supp. 2d 450 (D.N.J. 2006) (defendant hired to process claims was not a plan fiduciary because the defendant simply followed the plan specifications in performing its duties, even though the defendant had designed, implemented and administered the claims processing system).

Here, the Amended Complaint contains virtually no operative allegations against CareFirst at all, let alone allegations that CareFirst served as a fiduciary to the Plan. Indeed, the only allegations made against CareFirst in the Amended Complaint are as follows:

- CareFirst has a location in Maryland and operates under a license from the Blue Cross/Blue Shield Association (¶ 7);

- CareFirst is considered a "host plan" in the terminology of the Blue Cross/Blue Shield Association with respect to one of the two Pharmacy Plaintiffs and that a host plan administers claims and coordinates payment (¶12);

- Defendants have not paid claims submitted to them by the Pharmacy Plaintiffs (¶¶14, 17, 21, 24).

Nothing in the four corners of the Amended Complaint alleges that CareFirst had any discretionary role in the Plan or that it acted as a fiduciary to the Plan in any way. Therefore, even if this Court were to follow the line of cases which holds that fiduciaries may be liable for a denial of benefits under ERISA §502(a)(1)(B), CareFirst is still not a proper party defendant because the Amended Complaint does not establish that CareFirst served the plan in a fiduciary capacity. See Sparks, 2007 WL 320260 at *7 (concluding that the court did not need to decide between the differing view points on who is a proper party defendant because the plaintiff had

11

not established fiduciary status). Accordingly, the Amended Complaint should be dismissed against CareFirst.

## POINT III

### The Individual Plaintiffs Claims Against CareFirst Should be Dismissed for Failure to Exhaust Administrative Remedies

Assuming *arguendo* that the Court were to hold that CareFirst is a proper party defendant, plaintiffs' claims must still be dismissed for failure to exhaust their administrative remedies.

"The Third Circuit has long held that 'except in limited circumstances' . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." Utility Workers Union of America, Local 601 v. PSE&G, Civil Action No. 07-2378, 2009 WL 331421 at *3 (D.N.J. Feb. 10, 2009). In ERISA denial of benefits cases, "courts have found that a failure to exhaust administrative remedies may constitute grounds for dismissal under Rule 12(b)(6)." Shepard v. Aetna Life Ins. Co., Civ. Action No. 09-1436, 2009 WL 2448548 at *3 (E.D. Pa. Aug. 7, 2009) (citing Menendez v. United Food & Comm. Workers Local, 450T, AFL-CIO, Civ. Act. No. 05-1165, 2005 WL 1925787 at *1-2 (D.N.J. Aug. 11, 2005)); see also D'Amico v. CBS Corp., 297 F.3d 287, 290-93 (3d Cir. 2002); Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir. 1990). The exhaustion requirement is strictly enforced in the Third Circuit. Utility Workers Union, 2009 WL 331321 at *3.

Here, the Plan provides a mandatory administrative appeals procedure and makes clear that participants who wish to file a lawsuit under ERISA must first exhaust their administrative remedies before doing so. (Plan at pp. 3.2-70 to 75). There is nothing in the Amended

Complaint which alleges that any of the plaintiffs sought to resolve these disputed claims with CareFirst through the mandated administrative process.

Apparently aware that they failed to exhaust their administrative remedies, plaintiffs allege in their Amended Complaint that it would be futile for them to proceed through the administrative process. While futility is one of the limited exceptions to the exhaustion requirement, the Third Circuit has held that a party seeking to avoid his obligation to utilize the administrative process must make a "clear and positive showing of futility." Harrow v. Prudential Ins. Co. of America, 279 F.3d 244, 249 (3d Cir. 2002). In Harrow, the Third Circuit identified five factors that the Court must weigh in determining whether to excuse exhaustion on futility grounds:

1. Whether the plaintiff diligently pursued administrative relief;

2. Whether the plaintiff acted reasonably in seeking immediate judicial review under the circumstances;

3. Existence of a fixed policy denying benefits;

4. Failure of the insurance company to comply with its own internal administrative procedures; and

5. Testimony of plan administrators that any administrative appeal was futile.

Id at 250; see also Utility Workers Union, 2009 WL 331421 at *4.

Here, while plaintiffs attempt to describe efforts they allegedly made to reach a resolution with IBC outside of the Plan's administrative process, they do not make similar allegations with respect to CareFirst. Indeed, there is nothing in the Amended Complaint which indicates that plaintiffs made any efforts at all to resolve their disputed claims with CareFirst or any indication that it would be futile for them to follow the administrative process with CareFirst.

Application of the five factors set forth in Harrow shows that plaintiffs have not presented this Court with any facts that would support a finding of futility. First, plaintiffs never

13

pursued administrative relief from CareFirst and, therefore, cannot show that they did so "diligently." Second, the exhibits to the Amended Complaint show that many of the allegedly disputed claims are one to two years old. (See Exhibit A to the Amended Complaint). Given that passage of time, it cannot be said that plaintiffs acted to seek "immediate judicial review." Third, there is nothing in the Amended Complaint to indicate that CareFirst has a "fixed policy denying benefits." Fourth, there is nothing in the Amended Complaint to indicate that CareFirst failed "to comply with its own internal administrative procedures." Finally, there is no allegation - - much less any testimony of any plan administrators -- that an administrative appeal would be futile as to CareFirst. As a result, plaintiffs cannot satisfy any of the Harrow factors against CareFirst. Therefore, the Amended Complaint sets forth no basis for the Court to excuse plaintiff's failure to exhaust the administrative process on futility grounds.

Accordingly, the Complaint must be dismissed as against CareFirst, because plaintiffs did not exhaust their administrative remedies and they have not made a clear and positive showing of futility sufficient to excuse their failure.

## CONCLUSION

For the foregoing reasons, Defendant CareFirst, Inc., respectfully requests that the Court dismiss the Complaint against it under Fed.R.Civ.P. 12(b)(6).

ARCHER & GREINER  
A Professional Corporation  
One Centennial Square  
P.O. Box 3000  
Haddonfield, NJ 08033-0968  
(856) 795-2121  
Attorneys for CareFirst, Inc.

By: ___/s/ Mark J. Oberstaedt___  
Mark J. Oberstaedt, Esquire  
I.D. No. 67026

Dated: December 18, 2009.

5150520v1