IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

CHRISTOPHER TEMPLIN, VIOLA HENDRICKS,
FELDMAN'S MEDICAL CENTER PHARMACY,
INC., and FCS PHARMACY LLC,

          *Plaintiffs,*

    -*against*-

INDEPENDENCE BLUE CROSS, QCC
INSURANCE COMPANY, and CAREFIRST, INC.,

          *Defendants.*

Civil Action No. 09-4092 (JHS)

---

## MEMORANDUM OF LAW IN SUPPORT OF IBC DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

### INTRODUCTION

Unable to cure the fatal defects in their claims, Plaintiffs nonetheless continue to advance deficient claims against the wrong entities. Plaintiffs' First Amended Complaint ("FAC") must be dismissed with respect to Independence Blue Cross ("IBC") and QCC Insurance Company ("QCC") (collectively, the "IBC Defendants") for three principal reasons.

First, Plaintiffs lack standing. The Individual Plaintiffs do not allege an injury-in-fact. The Pharmacy Plaintiffs lack standing because they do not have a valid assignment of benefits.

Second, Plaintiffs have failed to exhaust applicable plan remedies under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), thereby precluding Plaintiffs' claims.

Third, the IBC Defendants are not proper parties to this lawsuit.

## **OVERVIEW OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs Christopher Templin ("Templin") and Viola Hendricks ("Hendricks") (collectively, the "Individual Plaintiffs") allegedly are hemophiliacs or provide support for hemophiliac dependents and/or family members. *See* FAC at ¶ 10. Plaintiffs Feldman's Medical Center Pharmacy, Inc. ("FMCP") and FCS Pharmacy LLC ("FCS") (collectively, the "Pharmacy Plaintiffs") are pharmacies which allegedly provided blood-clotting factor treatment ("factor") directly to patients who are participants or beneficiaries of health plans "insured, underwritten and/or administered by Defendants," *id.* at ¶ 11, including Templin, Hendricks and/or their dependents and/or family members. Pharmacy Plaintiffs allegedly received an assignment of benefits from these patients and seek reimbursement directly from Defendants on that basis. *Id.*

Pharmacy Plaintiffs allege that they have provided covered services to Defendants' insureds as non-participating providers. *Id.* at ¶ 13. They further allege that they have submitted insurance claims to Defendants pursuant to and in accordance with certain insurance plans, and that $2,100,217.51 in claims remain outstanding. *Id.* at ¶ 14.

Having withdrawn defective claims purportedly based on breaches of fiduciary duty, ERISA procedural violations and violations of Act 68, Plaintiffs now assert two separate claims for relief under the same ERISA provision. Count I asserts a wrongful denial of benefits claim under 29 U.S.C. § 1132(a)(1)(B). Count II seeks duplicative declaratory relief based on the same provision.

## ARGUMENT

I. **Plaintiffs Lack Standing to Bring this Lawsuit**

    A.    Individual Plaintiffs Lack Standing Because They Do Not Allege an Injury-in-Fact

The Individual Plaintiffs lack standing because they have failed to allege an actual or threatened injury. According to the FAC, due to the Defendants' alleged failure to pay Plaintiffs' claims, "[t]here is a **substantial risk** that either (a) FCS or FMCP will cease to operate, or (b) FCS and FMCP will be forced to cease providing health care services and products to the Individual," thereby causing the Individual Plaintiffs to choose a new pharmacy. FAC at ¶ 27 (emphasis added). The Individual Plaintiffs allege that either possible outcome will cause them to be harmed "because they have become dependent on the high level of personalized service provided to them by FCS and FMCP." *Id.* These allegations fail to establish standing for two reasons: (1) the alleged injury is purely speculative; and (2) harm to the Individual Plaintiffs' relationships with the pharmacy of their choice is insufficient to establish injury, particularly where, as here, there is no allegation that the Individual Plaintiffs would be prohibited from getting their medication from another pharmacy.

"A plaintiff establishes standing by showing harm. As a general matter, the core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not aggrieved thereby and has no right to obtain a judicial resolution of his challenge." *Core Constr. & Remediation Inc. v. Village of Spring Valley*, Civ. A. No. 06-1346, 2007 U.S. Dist. LEXIS 73069, at *25 (E.D. Pa. Sept. 27, 2007). In order to establish standing: "first, the plaintiff must allege that he has suffered or imminently will suffer an injury, second, the plaintiff must allege that the injury is fairly traceable to the defendants' conduct, and third, the plaintiff must allege that a favorable federal court decision is likely to redress the injury."

*Lauletta v. Transworld Express, Inc.*, Civ. A. No. 96-4098, 1998 U.S. Dist. LEXIS 17392, at *7 (E.D. Pa. Oct. 30, 1998). The Individual Plaintiffs are required to show they were harmed because "[t]here is no 'exception to the traditional injury requirement [in standing analysis] in contractual ERISA claims for benefits. . . .'" *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00 Civ. 2800, 2007 WL 1771498, at *18 (S.D.N.Y. June 18, 2007) (quoting *Weiss v. CIGNA Healthcare, Inc.*, 972 F. Supp. 748, 755 n.7 (S.D.N.Y. 1997)).

The Individual Plaintiffs' alleged injury is too speculative to establish an injury-in-fact. They allege that *if* the Pharmacy Plaintiffs close or refuse to provide their medicine *then* they will be injured by having to find a new pharmacy. Such contingent, hypothetical injury is insufficient to confer standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (requiring plaintiffs' injury to be "actual and imminent, not conjectural or hypothetical" in order to establish standing); *see also Public Interest Research Group v. Magnesium Elektron, Inc.*, 123 F.3d 111, 122 (3d Cir. 1997) ("[w]hen a plaintiff claims that a defendant's threatened injury is the source of his standing, he must show that the threatened injury is so imminent as to be 'certainly impending'"); *Brunwasser v. Johns*, 95 Fed. App'x 409, 411 (3d Cir. 2004) ("fear of a possible future consequence that is merely speculative is not an injury in fact, and thus is not sufficient to confer standing"). Because the Pharmacy Plaintiffs' possible closure or refusal to provide services is nothing more than a mere possibility, the Individual Plaintiffs have failed to establish an injury-in-fact.

Also, even if this Court finds that the Individual Plaintiffs' alleged injuries are not speculative, the type of harm alleged is not an injury-in-fact sufficient to establish standing. *See AMA*, 2007 WL 1771498, at *19 (holding that harm to a relationship between patients and their out-of-network providers was an abstract injury that did not constitute "distinct and palpable

4

harm" sufficient to establish an injury-in-fact for standing purposes). This is particularly true here, where the Individual Plaintiffs have not alleged – and cannot allege – that they would be unable to obtain their medication from another pharmacy.

Because the Individual Plaintiffs fail to allege any injury-in-fact as a result of the allegedly wrongful denial of benefits, the Individual Plaintiffs have failed to establish standing and their claims must be dismissed. *See Trs. of Painters' Welfare Fund v. M.C. Painting Corp.*, No. 83-3843, 1985 U.S. Dist. LEXIS 14830, at *6-8 (E.D. Pa. Oct. 17, 1985); *see also Arber v. Equitable Beneficial Life Ins. Co.*, Civ. A. No. 93-6458, 1994 U.S. Dist. LEXIS 17738, at *4-5 (E.D. Pa. Dec. 13, 1994) (dismissing individual plaintiffs' ERISA claims where they failed to allege how they, as opposed to their employer, suffered any harm); *Lauletta*, 1998 U.S. Dist. LEXIS 17392, at *7 (dismissing plaintiff's claims for lack of standing were he failed to allege "actual injury").

    B.    Pharmacy Plaintiffs Lack Standing Because They Did Not Receive a Valid Assignment of Benefits

"Under § 1132, the civil enforcement provision of ERISA, only participants and beneficiaries may sue to recover benefits or to enforce rights due under a plan." *Lehigh Valley Hosp. v. UAW Local 259 Social Security Dep't*, Civ. A. No. 98-4116, 1999 U.S. Dist. LEXIS 12219, at *2-3 (E.D. Pa. Aug. 10, 1999). Though an assignment of benefits generally can confer standing, a benefits plan provision prohibiting an assignment of benefits is enforceable. *Id.*; *see also Temple Univ. Hosp., Inc. v. Group Health Inc.*, Civ. A. No. 05-102, 2006 U.S. Dist. LEXIS 48151 (E.D. Pa. July 17, 2006) (anti-assignment provision in benefit plan was enforceable and therefore plaintiff hospital lacked standing to bring claims for ERISA violations when claims were based solely on assignments of benefits).

The Individual Plaintiffs' benefits plan at issue states:

> The right of a Covered Person to receive benefit payments under this Plan is personal to the Covered Person and **is not assignable in whole or in part** to any person, Hospital, or other entity nor may benefits of this coverage be transferred, either before or after Covered Services are rendered.

Personal Choice Health Benefits Plan (FAC, Exh. B) at page 3.2-22 (emphasis added).[1]

The Pharmacy Plaintiffs' claims are based *solely* on their supposed right, pursuant to purported benefit assignments, "to recover directly from the Defendants for services or products rendered and, if necessary, to bring suit to obtain past due benefits." *See* FAC at ¶ 11. Because the Individual Plaintiffs' benefits plan contains a valid anti-assignment clause, the Pharmacy Plaintiffs lack a valid assignment and, as such, lack standing to sue under ERISA. *See Temple Univ. Hosp.*, 2006 U.S. Dist. LEXIS 48151, at *32.

Also, the Pharmacy Plaintiffs have failed to allege facts constituting a waiver of the anti-assignment clause by the IBC Defendants. Pharmacy Plaintiffs merely allege that they received an assignment of benefits, *see* FAC at ¶ 11, and that IBC failed to pay claims submitted by the Pharmacy Plaintiffs. *Id.* at ¶ 14. These allegations do not establish a course of dealing constituting waiver. *See, e.g., Glen Ridge SurgiCenter, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. 08-6160, 2009 WL 32333427, at *5 (D.N.J. Sept. 30, 2009); *Gregory Surgical Servs., LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. 06-0462, 2007 WL 4570323, at * 4 (D.N.J. Dec. 26, 2007).

---

[1] The Court may consider documents attached to the complaint when considering a Rule 12(b)(6) motion. *See ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Rose v. Bartle*, 871 F.2d 331, 339-40 n.3 (3d Cir. 1989). The Court also may consider documents of undisputed authenticity that are referenced by the complaint, or on which the complaint necessarily relies. *See Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guaranty Corp., supra.*

Because the benefits plan at issue contains an enforceable anti-assignment clause, the Pharmacy Plaintiffs have no standing to maintain this action, and the motion to dismiss must be granted.

## II. **Plaintiffs Have Failed to Exhaust ERISA Plan Remedies**

Despite the IBC Defendants identifying Plaintiffs' failure to plead facts sufficient to meet ERISA's exhaustion requirements in their initial Complaint, Plaintiffs have made only minimal changes to their exhaustion allegations in the FAC, none of which are sufficient to save the FAC from dismissal. Thus, the FAC must be dismissed because Plaintiffs have failed to exhaust applicable ERISA plan remedies.

### A. Motions to Dismiss May Be Granted For Failure to Exhaust

The Court may make a determination whether a plaintiff has exhausted applicable administrative remedies at the pleadings stage. *See, e.g., Bennett v. Prudential Ins. Co.*, 192 Fed. App'x 153, 155-56 (3d Cir. 2006) (affirming Rule 12(b)(6) dismissal on these grounds); *Shepard v. Aetna Life Ins. Co.*, Civ. A. No. 09-1436, 2009 U.S. Dist. LEXIS 69457, at *8-11 (E.D. Pa. Aug. 7, 2009) (granting motion to dismiss on exhaustion grounds); *Galinsky v. Bank of Am. Corp.*, Civ. A. No. 09-0060, 2009 U.S. Dist. LEXIS 36043, at *6-7 (D.N.J. Apr. 28, 2009) (same); *Gatti v. Western Penn. Teamsters & Employers Welfare Fund*, Civ. A. No. 07-1178, 2008 U.S. Dist. LEXIS 28567, at *8-16 (W.D. Pa. Mar. 24, 2008) (granting motion for judgment on the pleadings); *Menendez v. UFCW Local 888 Health Fund*, Docket No. 05-1165, 2005 U.S. Dist. LEXIS 17034, at *5-7 (D.N.J. Aug. 11, 2005) (motion to dismiss); *Amalgamated Transit Union Local 1345 v. BARTA*, Civ. A. No. 03-5701, 2004 U.S. Dist. LEXIS 12337, at *8-11 (E.D. Pa. June 29, 2004) (same); *Reg'l Employers' Assurance Leagues Vol. Employees' Beneficiary Ass'n Trust v. Sidney Charles Markets, Inc.*, Civ. A. No. 01-4693, 2003 U.S. Dist. LEXIS 1380,

at *8-9, *16-21 (E.D. Pa. Jan. 29, 2003) (same); Jorden, Pflepsen and Goldberg, HANDBOOK ON ERISA LITIGATION § 5.04[B][3][a] (3d ed. 2009 Supplement).

B.  The Exhaustion Requirement Generally

"Except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (affirming summary judgment against plaintiff asserting claims for wrongful denial of benefits) (quotation omitted); *see also Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990) (same). The exhaustion requirement is a judicial doctrine designed to reduce frivolous ERISA lawsuits, promote consistency in the treatment of claims, provide non-adversarial methods of claims settlement, and minimize the social cost of settling claims. *See Harrow, supra,* at 249.

Exhaustion is not required in two specific circumstances: (1) with respect to breach of fiduciary duty claims; and (2) where exhaustion would be "futile". *See Sidney Charles Markets, Inc., supra,* at *16-17. Plaintiffs argue that the futility exception applies here. *See* FAC at ¶¶ 22, 24. To properly invoke this exception, a party "must make a 'clear and positive showing' that further attempts to seek redress under the plan would be futile." *Sidney Charles Markets, Inc., supra,* at *17 (citing *Harrow, supra*). This standard "imposes a substantial burden on plaintiffs, for '[t]he threshold required by the futility exception is very high.'" *Am. Med. Ass'n v. United HealthCare Corp.*, No. 00-Civ.-2800, 2007 WL 1771498, at *8 (S.D.N.Y. June 18, 2007). Plaintiffs have not met this standard.

C.  Plaintiffs' Insufficient Allegations of Futility Require Dismissal of this Action

The ERISA plan at issue provides an administrative remedies procedure for the resolution of disputes between the plan and its participants. *See generally* FAC, Exh. B, at pages 3.2-70 through 3.2-75. Entitled "Resolving Problems", this section provides a detailed, step-by-step

8

description for both a "Member Complaint Process" and a "Member Appeal Process". *See id.* at page 3.2-70. Initial complaints are resolved via the complaint process, during which written or telephonic communications generally are accepted. *Id.* However, the appeals process is more formal. *See generally id.* at pages 3.2-70 through 3.2-75. Members' appeals are processed either as "medical necessity" or "administrative" appeals, the latter of which address, *inter alia*, "claims payment issues." *Id.* at page 3.2-70.

Plaintiffs do not allege that they have completed the internal or external appeal processes necessary to exhaust plan remedies, nor do they refer to the applicable plan provisions at all. In fact, Plaintiffs lump all of their benefits claims together without regard to a single specific effort made, if any, to resolve any individual claim at issue, and then make conclusory allegations of futility with regard to them all. Even assuming the truth of Plaintiffs' allegations, Plaintiffs have done nothing beyond providing a summary list of allegedly outstanding claims. *See* FAC at ¶ 14 (citing internal Exh. A). It is impossible to determine whether (or to what extent) the parties have complied with the plan's procedures, or whether applicable ERISA regulations have been observed (*see* 29 C.F.R. § 2560.503-1), with regard to these alleged benefit claims. The United States Supreme Court's recent decisions in *Twombly* and *Iqbal* require more. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (holding that factual allegations in a complaint must be enough to raise the claimed right to relief above the speculative level, and sufficient to create a reasonable expectation that discovery will reveal evidence to support the claim); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (clarifying that *Twombly* pleading standard applies in all civil actions). "[B]lanket assertion[s] of entitlement to relief" are insufficient, as are labels, conclusions, plainly false allegations, and formulaic recitations of the elements of a cause of action. *See Twombly, supra,* at 1965 & n.3.

Plaintiffs devote a section of the FAC to their "Attempts to Resolve the Dispute with Defendants". *See* FAC at 8-10; *see also id.* at ¶¶ 22-25. Plaintiffs make the blanket assertion that, "[a]lthough both FCS and FMCP have repeatedly complained to Defendants about the unpaid claims and attempted to resolve these issues, such attempts have been fruitless." FAC at ¶ 22. The "attempts" Plaintiffs allege include: (1) "numerous telephone calls, letters, and emails" (*id.*); and (2) a requested meeting that was denied by Defendants (*id.* at ¶ 23). Plaintiffs then allege that "[t]o the extent Plaintiffs are required to exhaust administrative remedies prior to instituting suit, and such remedies have not been fully exhausted by Plaintiffs, any further pursuit of such remedies would be futile." *Id.* at ¶ 24.

Plaintiffs have not exhausted applicable plan remedies, despite bald conclusions of law to the contrary,[2] nor have they made a "clear and positive showing of futility." Where, as here, a plan includes a multi-step administrative appeals process, all steps must be completed. *See, e.g., DellaValle v. Prudential Ins. Co. of Am.*, Civ. A. No. 05-0273, 2006 WL 83449, at *6-7 (E.D. Pa. Jan. 10, 2006). Similarly, telephone calls and emails do not constitute formal written claims submissions where such submissions are required. *See Harrow*, 279 F.3d at 251-52 (exhaustion requirement demands more from plaintiffs who "took no steps beyond an initial telephonic inquiry"); *Bourgeois v. Pension Plan for the Employees of Santa Fe Int'l Corp.*, 215 F.3d 475, 480 n.14 (5th Cir. 2000) ("allowing informal attempts to substitute for the formal claims procedure would frustrate the primary purposes of the exhaustion requirement"). Decisions to abandon an administrative appeal rather than "waiting the limited additional time required to

---

[2] *See Twombly*, 127 S. Ct. at 1965 (court need not credit legal conclusions); *Papasan v. Allain*, 106 S. Ct. 2932, 2944 (1986) (legal conclusions couched as factual allegations are insufficient to state a claim); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) ("self-evidently false" allegations need not be accepted).

exhaust the appeal process" are not reasonable, and thus are not sanctioned by ERISA. *See Gatti,* 2008 U.S. Dist. LEXIS 28567, at *13-14.

Cases analyzing the futility exception often address whether the defendants maintained a "fixed policy" denying benefits and/or failed to comply with their own claims procedures. *See Harrow,* 279 F.3d at 250. Neither example of futility is present here.

First, Plaintiffs have not pleaded a "fixed policy" denying ERISA benefits in this case. In fact, the very documents cited by Plaintiffs demonstrate that no "fixed policy" ever existed. In the February 13, 2009 letter to Plaintiffs' counsel which is attached as Exhibit D to the FAC, Defendant IBC informed Plaintiffs' counsel "IBC intends to process and pay" certain claims submitted by Plaintiffs. *Id.*;[3] *see also* FAC at ¶ 25 (admitting that "some claims have been paid").[4] IBC also informed Plaintiffs, "[i]f you disagree with any of our findings, please forward additional documents for our consideration." FAC, Exh. D at 2. In any event, letters exchanged between counsel do not satisfy the "clear and positive showing of futility" standard. *See Gatti,* 2008 U.S. Dist. LEXIS 28567, at *14.[5]

---

[3] This fact alone demonstrates that further administrative review of Plaintiffs' claims would not be "futile". *See, e.g., Reems v. United Healthcare Services, LLC,* Case No. 07-88, 2008 U.S. Dist. LEXIS 107966, at *13-14 (D.N.D. July 14, 2008) (defendant's "payment of several previously denied claims upon receipt of additional information is clear evidence that exhaustion of administrative remedies would not have been futile") (granting motion to dismiss); *Chorosevic v. MetLife Choices,* No. 05-2394, 2009 U.S. Dist. LEXIS 21337, at *30 (E.D. Mo. Mar. 17, 2009) (following *Reems* and reaching same conclusion on parties' cross-motions for summary judgment). In fact, one court recently observed that "no other court has found that a plaintiff made a clear and positive showing of futility where there existed examples of successful appeals." *AMA, supra,* at *13; *see also Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc.,* Civ. A. No. 06-928, 2009 WL 961389, at *4-5 (D.N.J. Apr. 7, 2009) (following *AMA*).

[4] For example, in the Original Complaint, Plaintiffs claimed that IBC owed $18,392.49 on FCS Invoice # 13228, DOS 03/28/08. *See* Exh. A to Original Complaint. Exhibit A to the FAC notes that this claim has been paid.

[5] Cases in which such a "fixed policy" have been found are easily distinguishable. *See, e.g., Berger v. Edgewater Steel Co.,* 911 F.2d 911 (3d Cir. 1990). In *Berger,* plaintiffs' employer provided all salaried employees with formal written notice that specified benefits were being eliminated from their ERISA plan as a cost-cutting measure. *Id.* at 914-15. The Third Circuit deemed such action a sufficiently "fixed policy" to justify plaintiffs' failure to exhaust plan remedies under the futility doctrine. *Id.* at 916-17.

A plaintiff's "blanket assertion, unsupported by any facts, is insufficient to call the futility exception into play." *Madera v. Marsh USA, Inc.*, 426 F.3d 56, 63 (1st Cir. 2005). Instead, "[a] plaintiff must show that 'it is *certain* that his claims will be denied on appeal, not merely that he *doubts* that an appeal will result in a different decision.'" *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 505 (6th Cir. 2004) (quoting *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)) (emphasis added). As "courts have applied the futility exception in 'only the most exceptional circumstances[,]'" *Dylla v. Aetna Life Ins. Co.*, Civ. A. No. 07-3203, 2008 U.S. Dist. LEXIS 103372, at *6 (D. Minn. Dec. 22, 2008), Plaintiffs have not met this high standard. No "fixed policy" denying Plaintiffs' claims ever existed.

Second, the IBC Defendants followed applicable administrative procedures. <u>Indeed, Plaintiffs admit that certain claims have been paid, even since the time the original Complaint was filed until the filing of the First Amended Complaint.</u> *Compare* Original Complaint, Exh. A *with* FAC, Exh. A; *see also supra* note 4. Moreover, many of the claims still listed as unpaid in the FAC have, *in fact*, already been paid.

Fortunately, the Court is not hamstrung to accept Plaintiffs' bare allegations concerning "futility":

> A motion to dismiss for failure to exhaust is not treated as a normal 12(b)(6) motion[.] Rather, the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. *When deciding such a motion, a district court may look beyond the pleadings and resolve factual disputes.* Where a court looks beyond the pleadings, the court should assure that the plaintiff has an adequate opportunity to develop a record. A dismissal for failure to exhaust administrative remedies is without prejudice and is not an adjudication on the merits.

*Foster v. Blue Shield of California*, Case No. 05-3324, 2009 U.S. Dist. LEXIS 46619, at *9-10 (C.D. Cal. June 3, 2009) (granting defendant's motion to dismiss on exhaustion grounds)

(internal citations and quotations omitted) (emphasis added).[6] The IBC Defendants respectfully submit that the Court should follow this sensible approach.

Therefore, to the extent the Court is not inclined to dismiss Plaintiffs' claims on the papers for failure to adequately alleged exhaustion, the IBC Defendants request, in the alternative, a narrowly tailored hearing before the Court to address Plaintiffs' futility allegations. In this case, a substantial portion of Plaintiffs' $2.1 million in benefit claims *already have been paid*. A hearing on the validity of Plaintiffs' exhaustion allegations will allow the issue to be resolved before further private and judicial resources are expended on motion practice, discovery and related matters. Likewise, such a hearing would not prejudice Plaintiffs because dismissal on exhaustion grounds is without prejudice. *See Foster, supra*.[7]

### III. Plaintiffs Continue to Sue the Wrong Defendants

The IBC Defendants are not proper defendants to Plaintiffs' benefits-based ERISA claim. The Third Circuit recently addressed proper defendants under ERISA Section 502:

> One of the key differences between § 1132(a)(1)(B) and (a)(2) is who is a proper defendant. *In a § 1132(a)(1)(B) claim, the defendant is the plan itself (or plan administrators in their official capacities only)* . . . On the other hand, the defendant in a § 1132(a)(2) claim is a plan fiduciary in its individual capacity.

---

[6] The district court in *Foster* observed that "[e]xhaustion of ERISA claims is not a jurisdictional requirement, but rather a 'prudential' requirement." 2009 U.S. Dist. LEXIS 46619, at *10 n.1; *see also Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 279 (3d Cir. 2007) ("ERISA's exhaustion requirement bears all the hallmarks of a non-jurisdictional prudential rule. In addition to being judge-made, the doctrine's futility exception involves a discretionary balancing of interests. Judicial prudence, not power, governs its application in a given case.").

[7] If the Court determines that Plaintiffs have not exhausted administrative remedies, remand to the ERISA plan's administrative review procedures is the appropriate result. "[R]emand will further the goals behind the exhaustion requirement by providing a non-adversarial method of claims settlement and hopefully minimize the costs of the claims resolution for both parties . . . Remand . . . is within the sound discretion of [the] Court." *DellaValle v. Prudential Ins. Co. of Am.*, Civ. A. No. 05-273, 2006 WL 83449, at *9 (E.D. Pa. Jan. 10, 2006) (remanding ERISA dispute to plan administrator).

*Graden v. Conextant Sys. Inc.*, 496 F.3d 291, 301 (3d Cir. 2007) (emphasis added); *see also Guiles v. Metropolitan Life Ins. Co.*, Civ. A. No. 00-5029, 2002 U.S. Dist. LEXIS 2393, at *3 (E.D. Pa. Feb. 13, 2002) (holding that ERISA "clearly and unambiguously provides that the plan is the only entity against whom claims for benefits under the plan may be brought"); *Hall v. Glenn O. Hawbaker, Inc.*, No. 06-1101, 2006 U.S. Dist. LEXIS 81760, at *28-29 (M.D. Pa. Nov. 8, 2006) (same); *Reinert v. Giorgio Foods, Inc.*, Civ. A. No. 97-2379, 1997 WL 364499, at *4 (E.D. Pa. June 25, 1997) ("Clearly, no party other than the Plan is a proper defendant in a claim for money damages under Section 1132(a)(1)(B)"); *Smith v. The Prudential Health Care Plan, Inc.*, Civ. A. No. 97-891, 1997 WL 587340, at *3 (E.D. Pa. Sept. 10, 1997) ("Prudential correctly argues that the plan is the only proper defendant in a claim for money damages under this section").[8] Thus, the FAC is ill-framed for two reasons.

First, Plaintiffs failed to name the subject ERISA plan as a defendant. This renders the FAC defective under Federal Rules of Civil Procedure 12(b)(7) and 19(a). Rule 19 provides, in relevant part, that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties. . . ." Fed. R. Civ. P. 19(a)(1)(A). If the plan financially is responsible for any potential recovery Plaintiffs could achieve under ERISA Section 502, *see supra* note 8, then "complete relief" could not be afforded among the existing parties. Thus, the plan is a necessary defendant. *See, e.g., Lester v. Framatome ANP*, Civ. No. 06-00015, 2006 U.S. Dist. LEXIS 70987, at *2-5 (W.D. Va. Sept. 29,

---

[8] *But see Vaughn v. Metropolitan Life Ins. Co.*, 87 F. Supp. 2d 421 (E.D. Pa. 2000) (proper defendants to ERISA benefits claim include plan, administrators and fiduciaries). The holdings in *Guiles et al.* represent the better approach because they are based on the plain terms of ERISA. *See* 29 U.S.C. § 1132(d)(1)-(2) ("An employee benefit plan may sue or be sued under this subchapter as an entity"; "Any money judgment under this subchapter against an employee benefit plan *shall be enforceable only against the plan as an entity*. . . .") (emphasis added).

2006) (holding that ERISA plan was necessary party under Rule 19). "[I]t is well established that a claim for benefits under an ERISA plan should normally be brought against the plan." *Washicheck v. The Ultimate Ltd.*, 231 F.R.D. 550, 554 (W.D. Wis. 2005).

Second, even assuming that a "plan administrator" also may be sued for ERISA benefits, the subject ERISA plan contains the following disclaimer:

> **THE CARRIER [*i.e.*, QCC] IS NOT THE PLAN ADMINISTRATOR UNDER THE COVERAGE FOR PURPOSES OF ERISA OR ANY OTHER FEDERAL OR STATE LAW. IN THE ABSENCE OF THE DESIGNATION OF ANOTHER PARTY AS PLAN ADMINISTRATOR, THE PLAN ADMINISTRATOR SHALL BE THE EMPLOYER.**

FAC, Exh. B, at page 3.2-56 (caps and boldface in original). The Individual Plaintiffs' employer in this case is Factor Health Services II, LLC. *See* FAC at ¶¶ 1-2.[9]

Based on the foregoing, the IBC Defendants are not proper defendants to Plaintiffs' ERISA benefits claims, and therefore should be dismissed from this action.

## IV.     Plaintiffs May Not Recover Consequential Damages Under ERISA

Plaintiffs alleged that "[a]s a direct and proximate result of Defendants' wrongful denial of benefits, Plaintiffs have been damaged. Accordingly, Plaintiffs are entitled to recover the benefits improperly denied by Defendants, *consequential damages*, and interest." FAC at ¶ 33 (emphasis added). This demand for "consequential damages" is improper, as such "extra contractual" damages are not recoverable under ERISA. *See Ford v. Unum Life Ins. Co. of Am.*, Civ. A. No. 05-105, 2006 U.S. Dist. LEXIS 13643, at *6 (D. Del. Mar. 9, 2006) (observing that

---

[9] In view of this language, Plaintiffs cannot argue that QCC could be liable as a "de facto" claims administrator because "claims for benefits under ERISA § 502(a)(1)(B) may not be maintained against a de facto administrator when a designated administrator has been named for the plan." *Am. Med. Ass'n v. United HealthCare Corp.*, No. 00-Civ.-2800, 2007 WL 1771498, at *25 (S.D.N.Y. June 18, 2007) (granting summary judgment to insurance companies where employers/sponsors were plan administrators) (citing cases); *see also* 29 U.S.C. § 1002(16)(A)-(B) (defining "administrator" and "plan sponsor" under ERISA).

"the damages [plaintiff] requests, which include lost wages, pain and suffering, and other consequential damages, are not available under ERISA"); *Scalia v. Lafayette Life Ins. Co.*, Civ. A. No. 92-3714, 1993 U.S. Dist. LEXIS 3100, at *28, *30 (D.N.J. Mar. 9, 1993); *see generally Massachusetts Life Ins. Co. v. Russell*, 473 U.S. 134 (1985); *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993). Therefore, Plaintiffs' demand for consequential damages should be stricken from the FAC.

## CONCLUSION

For each of the reasons set forth herein, the IBC Defendants respectfully request that this Court grant their motion and enter an order dismissing, with prejudice, Plaintiffs' First Amended Complaint with respect to defendants Independence Blue Cross and QCC Insurance Company.

Respectfully submitted,

/s/ David L. Comerford
David L. Comerford (I.D. No. 65969)
Katherine M. Katchen (I.D. No. 80395)
Matthew R. Varzally (I.D. No. 93987)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
Phone: (215) 965-1200
Facsimile: (215) 965-1210

Counsel for Defendants Independence Blue Cross and QCC Insurance Company

Dated: December 22, 2009

## CERTIFICATE OF SERVICE

I, Matthew R. Varzally, hereby certify that on December 22, 2009, I caused true and correct copies of **IBC Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint**, and supporting brief, to be made available for viewing and downloading through the Court's ECF system, as well as served, by First-Class and/or electronic mail, upon the following parties:

>Timothy S. Cole
>MANTACOLE, LLC
>1055 Westlakes Drive, Suite 300
>Berwyn, PA 19312
>(215) 325-1741 (telephone)
>(215) 641-0469 (facsimile)
>TimCole@mantacole.com
>
>Anthony Paduano
>Jordan D. Becker
>PADUANO & WEINTRAUB LLP
>1251 Avenue of the Americas, Ninth Floor
>New York, New York 10020
>(212) 785-9100 (telephone)
>(212) 785-9099 (facsimile)
>ap@pwlawyers.com
>jbd@pwlawyers.com
>
>*Attorneys for Plaintiffs*
>
>Jeffrey M. Kolansky
>Archer & Greiner
>One Liberty Place, 32nd Floor
>1650 Market Street
>Philadelphia, PA 19103-7393
>215-963-3300
>
>Attorney for Defendant *CareFirst, Inc.*

>/s/ Matthew R. Varzally
>Matthew R. Varzally