IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

CHRISTOPHER TEMPLIN, VIOLA HENDRICKS,
FELDMAN'S MEDICAL CENTER PHARMACY,
INC., and FCS PHARMACY LLC,

     *Plaintiffs,*

             Civil Action No. 09-4092 (JHS)

  *-against-*

INDEPENDENCE BLUE CROSS, QCC
INSURANCE COMPANY, and CAREFIRST, INC.,

     *Defendants.*

---

### REPLY IN SUPPORT OF IBC DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs concede key points and ignore others, requiring dismissal of their First Amended Complaint ("FAC").

First, Plaintiffs concede they did not plead waiver of the ERISA plan's anti-assignment clause. Faced with this case-ending reality, Plaintiffs improperly place the burden on this Court to re-write the FAC.

Second, Plaintiffs concede that some of their benefit claims have been paid. They then ignore authority holding that such payments preclude a finding of "futility" with respect to the administrative exhaustion requirement.

Third, Plaintiffs' contention that QCC is a proper defendant contradicts the express language of the plan documents attached to their FAC. Such a self-evidently false allegation cannot be presumed as true, and QCC must be dismissed from this case.

## ARGUMENT

I. **The Pharmacy Plaintiffs Lack Standing to Bring This Action**

The Pharmacy Plaintiffs lack standing to bring this action. They do not dispute a valid anti-assignment clause in the Individual Plaintiffs' benefits plan, and concede that they did not plead facts sufficient to constitute waiver of that clause. *See* Memorandum in Opposition to IBC Defendants' Motion to Dismiss (the "Opposition") at 9. Instead, the Pharmacy Plaintiffs seek to place the burden on this Court to make out their waiver claim for them. *Id.* (asking Court to interpret Exhibit D to the FAC as indicating waiver, despite the lack of any such allegations in the FAC and without any explanation of how a waiver is shown). However, it is not the Court's burden to hunt for facts sufficient to make out Plaintiffs' claims. *See, e.g., Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998) (the court "must read the complaint as plaintiff writes it"); *cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (Posner, Easterbrook and Dumbauld, JJ.) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Plaintiffs' reliance on *Lutheran Med. Ctr. v. Contractors, Laborers, Teamsters, & Eng'rs Health & Welfare Plan*, 25 F.3d 616 (8th Cir. 1994) is misplaced. The court's distinction between the right to receive benefits and right to bring a cause of action to challenge a denial of those benefits strains the plain meaning of the benefits contract. *See City of Hope Nat'l Med. Center v. Healthplus, Inc.*, 156 F.3d 223, 229 (1st Cir. 1998) (enforcing an anti-assignment clause because "straightforward language in an ERISA-regulated insurance policy should be given its natural meaning."). In any event, this Court explicitly rejected the position advocated in the *Lutheran Medical Center* decision. *See Lehigh Valley Hosp. v. UAW Local 259 Soc. Sec. Dep't*, Civ. A. No. 98-4116, 1999 U.S. Dist. LEXIS 12219, at *6-8 (E.D. Pa. Aug. 10, 1999) (O'Neill, J.) (rejecting the approach adopted by the Fifth and Eighth Circuits and holding that due to an anti-assignment clause plaintiff lacked standing to bring his claim).

Because the Pharmacy Plaintiffs fail to allege facts constituting waiver of the valid anti-assignment clauses, they lack standing to bring this action and the IBC Defendants' motion to dismiss must be granted.

## II. Plaintiffs Cannot Establish "Futility"

Plaintiffs concede that some of their benefit claims have been paid. They nonetheless argue that further administrative review of their claims would be "futile", and therefore ERISA's exhaustion requirement should be excused. Plaintiffs contend that "the payment of a few small claims [does not] establish that administrative review of Plaintiffs' claims would not be futile." Opposition at 16. There are two flaws with this argument. First, Plaintiffs cite no authority in support of this claim. In contrast, the IBC Defendants cited authority unequivocally holding that the payment of ERISA claims demonstrates that further administrative review, by definition, is not "futile." Plaintiffs have not refuted this authority. Second, more than "a few small claims" of Plaintiffs' were paid. As the IBC Defendants intend to demonstrate at a hearing,[1] several hundred thousand dollars of Plaintiffs' claims have been paid, contrary to their pleadings. Plaintiffs' assertion that some nefarious plan exists to pay some claims "solely for the benefit of arguing that there is no futility" (Opposition at 17) is without factual or legal support, and Plaintiffs cite none.

## III. Plaintiffs' Allegations that Contradict Plan Documents Need Not Be Accepted

Finally, with respect to whether QCC is a proper defendant, Plaintiffs argue that "even if . . . the Plan specifically disclaims that QCC was an administrator . . . Plaintiffs have *alleged* that QCC (and the other defendants) were administrators, *and that allegation must be accepted as*

---

[1] Such a hearing is permissible because a court may resolve factual disputes in deciding a motion to dismiss for failure to exhaust. *See Foster v. Blue Shield of California*, Case No. 05-3324, 2009 U.S. Dist. LEXIS 46619, at *9-10 (C.D. Cal. June 3, 2009).

*true for purposes of the instant motion to dismiss.*" Opposition at 19 (emphasis added). Plaintiffs are incorrect. Self-evidently false or contradictory allegations are not presumed true at the motion to dismiss stage. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (bald assertions, unsupported conclusions, and unwarranted inferences are not credited by court); *Kent v. Tabafunda*, Civ. A. No. 07-4973, 2008 U.S. Dist. LEXIS 47649, at *7-8 (D.N.J. June 19, 2008) ("if facts that are alleged to be true in a complaint are contradicted by facts that can be judicially noticed, the contradicted facts in the complaint are not to be deemed true. . . ."); *Wylie v. City of New Haven*, Civ. No. 3:02cv313, 2003 U.S. Dist. LEXIS 25273, at *2 n.1 (D. Conn. Feb. 27, 2003) ("Although alternative legal theories may be plead, contradictory factual allegations may not").[2]

QCC should not be forced to remain a defendant, and bear the burden of defending a baseless claim, based on Plaintiffs' whim. *See DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (observing that "the price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition") (affirming Rule 12(b)(6) dismissal) (emphasis in original). Therefore, even assuming that ERISA plan administrators are proper defendants to Section 1132(a)(1)(B) benefits claims, QCC must be dismissed from this litigation.

---

[2] Plaintiffs' contradictory treatment of their own exhibits is evident with respect to Exhibit D to the FAC. On the one hand, Plaintiffs claim that this exhibit shows a history of payments from which waiver of the anti-assignment clause may be inferred. *See* Opposition at 9. Later, Plaintiffs dispute that this same letter shows that administrative review of Plaintiffs' benefits claims is not futile (although on its face the letter demonstrates claims being paid).

Finally, regardless of whether QCC must remain as a defendant in this litigation, Plaintiffs do not dispute that the ERISA plan is a necessary party and must be added as a defendant. *See* Opposition at 19. For the reasons stated in the IBC Defendants' original brief, the Individual Plaintiffs' employer – Factor Health Services II, LLC – also should be added as a defendant.

## **CONCLUSION**

For the reasons set forth above, as well as those in their original brief, the IBC Defendants respectfully request that this Court grant their motion to dismiss Plaintiffs' FAC.

Respectfully submitted,

/s/ David L. Comerford
David L. Comerford (I.D. No. 65969)
Katherine M. Katchen (I.D. No. 80395)
Matthew R. Varzally (I.D. No. 93987)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
Phone: (215) 965-1200
Facsimile: (215) 965-1210

Counsel for Defendants Independence Blue Cross and QCC Insurance Company

Dated: January 14, 2010

## CERTIFICATE OF SERVICE

I, Matthew R. Varzally, hereby certify that on January 14, 2010, I caused a true and correct copy of **Reply in Support of IBC Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint** to be made available for viewing and downloading through the Court's ECF system, as well as served, by First-Class and/or electronic mail, upon the following parties:

Timothy S. Cole
MANTACOLE, LLC
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(215) 325-1741 (telephone)
(215) 641-0469 (facsimile)
TimCole@mantacole.com

Anthony Paduano
Jordan D. Becker
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100 (telephone)
(212) 785-9099 (facsimile)
ap@pwlawyers.com
jbd@pwlawyers.com

*Attorneys for Plaintiffs*

Jeffrey M. Kolansky
Mark J. Oberstaedt
ARCHER & GREINER, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393
(215) 963-3300
jkolansky@archerlaw.com
moberstaedt@archerlaw.com

*Attorneys for Defendant CareFirst, Inc.*

/s/ Matthew R. Varzally
Matthew R. Varzally