IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER TEMPLIN, et. al.,     :
                                  :

        Plaintiffs,           :       Civil Action
                                  :       Case No. 09-4092

        v.                   :

                                  :

INDEPENDENCE BLUE CROSS, et. al.,  :

                                  :

        Defendants.

**OPINION AND ORDER**

**Slomsky, J.**                                                **July 27, 2010**

## I.    Introduction

Before the Court are Motions to Dismiss filed by Defendant Carefirst (Doc. No. 18) and by Defendants Independence Blue Cross and QCC Insurance Company (Doc. No. 20). Plaintiffs filed a Complaint on September 9, 2009, (Doc. No. 1), and filed an Amended Complaint on December 2, 2009 (Doc. No. 16, hereinafter "Am. Compl."). Plaintiffs allege claims arising under the Employee Retirement and Security Income Act of 1974 (hereinafter "ERISA") for wrongful denial of benefits and also seek declaratory relief pursuant to 29 U.S.C. 1132(a)(1)(B). (Doc. No. 16, at 11-12).

On December 21, 2009, Defendant Carefirst filed a Motion to Dismiss and Brief in Support of its Motion. (Doc. No. 18). On December 22, 2009, Defendants Independence Blue Cross and QCC Insurance Company (hereinafter "IBC Defendants") filed a seperate Motion to Dismiss and Memorandum of Law. (Doc. No. 20). On January 4, 2010, Plaintiff filed a Response in Opposition to Defendant Carefirst's Motion to Dismiss (Doc. No. 21), and on

January 5, 2010 filed a Memorandum in Opposition to IBC Defendants' Motion to Dismiss (Doc.

No. 22).  Replies were filed on January 14, 2010 by Defendant Carefirst (Doc. No. 23) and IBC

Defendants (Doc. No. 24).  On March 19, 2010, a hearing was held on the Motions.

The Court will deny Defendants' Motions to Dismiss without prejudice.  Plaintiffs,

however, have failed to exhaust their administrative remedies as required by ERISA.

Accordingly, for the reasons stated below, the Court will stay this case and place it in suspense

pending completion of an administrative review of Plaintiffs' claims.

## II.      Exhaustion of Administrative Remedies

Plaintiffs are individuals and pharmacies who are beneficiaries of or alleged assignees of

beneficiaries of a group health insurance policy known as the Personal Choice Health Benefits

Plan ("the Plan")[1], issued and administered by IBC Defendants.[2]  Defendant Carefirst is a Blue

Cross and Blue Shield Association affiliate responsible for processing a portion of the benefit

claims filed by Plaintiffs.

IBC Defendants and Defendant Carefirst assert Plaintiffs have failed to exhaust their

administrative remedies as required by ERISA under 29 U.S.C. § 1132(a)(1)(B).  Before a

plaintiff may bring a claim under § 1132(a)(1)(B), except in limited circumstances, he or she

must "exhaust the remedies available under the plan."  Harrow v. Prudential Ins. Co. Of Am.,

---

[1] The Plan is attached as Exhibit "B" to Plaintiff's Amended Complaint (Doc. No. 16).

[2] IBC Defendants are Blue Cross and Blue Shield Association affiliates.  IBC Defendants issued a group health insurance policy (hereinafter "the Plan") for employees of Factor II, an affiliate business entity of the plaintiff pharmacies.  Defendant QCC issued the Plan on behalf of Defendant Independence Blue Cross, and underwrites or administers the benefits offered through Independence Blue Cross.  Individual Plaintiffs are employees of Factor II or dependents of employees and are beneficiaries of the Plan.

279 F.3d 244, 249 (3d Cir. 2002).  A plaintiff is excused from exhausting administrative

remedies under the plan if the plaintiff makes a "clear and positive showing" that it would be

futile to do so.  Id.  In determining whether a plaintiff has demonstrated futility, a court considers

the following factors:

> (1) whether plaintiff diligently pursued administrative relief;
> (2) whether plaintiff acted reasonably in seeking immediate judicial
> review under the circumstances; (3) existence of a fixed policy
> denying benefits; (4) failure of the insurance company to comply
> with its own internal administrative procedures; and (5) testimony
> of plan administrators that any administrative appeal was futile.

Harrow, 279 F.3d at 250.

Here, Plaintiffs have alleged facts suggesting a fixed policy denying benefits for some

claims, in the form of a letter from IBC Defendants' counsel to Plaintiffs' counsel stating that

Defendants will not pay any claims submitted by Plaintiff Feldman Pharmacies that involve a

shipment of drugs outside the state of Maryland.  (Am. Compl., Ex. "D").  Plaintiffs have also

alleged facts showing Defendants failed to comply with their own internal administrative

procedures for other claims by failing to render a decision on a number of claims.  (Am. Compl.,

Ex. "A").  However, these deficiencies do not apply to all of the disputed claims: of the fifty-one

disputed claims identified by Plaintiffs in their Amended Complaint, only thirty-two were

submitted by Plaintiff Feldman Pharmacies and over half of the claims received a decision from

Defendants in the form of a partial payment.  (Id.)

Furthermore, Plaintiffs do not allege any facts showing an attempt on the part of Plaintiffs

to avail themselves of the remedies under the Plan.  Although Defendants failed to render a

decision on certain claims, they did render a decision on a large portion of disputed claims in the

form of partial payment of the claim.  (Am. Compl., Ex. "A").  These partial payments constitute

adverse benefit determinations that Plaintiffs should have challenged through the Plan's appeal

process.

Finally, it was not reasonable for Plaintiffs to seek immediate judicial review under the

circumstances.  Exhibit "A" to Plaintiffs' Amended Complaint lists fifty-one disputed claims.

These claims presumably request compensation for a wide variety of products and services and

implicate a wide variety of issues requiring interpretation and application of Plan terms.  For this

Court to perform the first level of review of these claims – to examine the individual claim

forms, identify any individual defects, and interpret and apply Plan terms to each claim – would

contravene the purpose of ERISA and would waste judicial resources.  See Zipf v. Amer. Tel.

and Tel. Co., 799 F.2d 889, 892 (3d Cir. 1986) ("When a plan participant claims that he or she

has unjustly been denied benefits, it is appropriate to require participants first to address their

complaints to the fiduciaries to whom Congress, in Section 503, assigned the primary

responsibility for evaluating claims for benefits.").

The exhaustion rule "gives plan administrators the first opportunity to apply their

expertise to interpret often lengthy and detailed plan documents, to reconsider initial decisions

and correct mistakes, to collect facts, and to explain the rationale underlying the administrative

decision."  Brennan v. Consolidated Rail Corp. Matched Sav. Plan, 2000 WL 217664, at *3

(E.D. Pa. Feb. 11, 2000) (citing Comm. Workers of Am. v. Am. Tel. and Tel. Co., 40 F.3d 426,

432 (D.C. Cir. 1994)).  Thus, exhaustion "may render subsequent judicial review unnecessary

because a plan's own remedial procedures will resolve many claims," and, where it does not, it

"enables plan [administrators] to . . . assemble a factual record which will assist a court in

reviewing [their] actions." <u>Comm. Workers of Am.</u>, 40 F.3d at 432; <u>Lindemann v. Mobile Oil</u>

<u>Corp.</u>, 79 F.3d 647, 650 (7th Cir. 1996).  For these reasons, the Court will require the parties to

complete an expedited administrative review of all claims and until this review is complete, stay

all proceedings in this case.  <u>Lindemann</u>, 79 F.3d at 651 (holding that the decision whether to

stay a proceeding pending completion of an administrative review is entirely within the district

court's discretion).

### III.    Administrative Review Process

This case will be placed in suspense, and the parties are directed to conduct an expedited

administrative review of all claims in accordance with the following direction.  The parties are

directed to conduct Level One and Level Two of the Standard Appeal described in the Personal

Choice Health Benefits Plan by and between Defendant QCC Insurance Co. and Factor Health

Service II, LLC, ("the Plan") attached as Exhibit "B" to Plaintiff's Amended Complaint (Doc.

No. 16).  Plaintiffs should submit their initial request for review on appeal of all disputed claims

within thirty (30) days of this Opinion and Order.  Where Defendants have allegedly failed to

render any initial decision on a claim, Plaintiffs should consider the claim as denied and appeal

the claim.  Defendants are to evaluate each claim on appeal and issue a Level One decision on

the appeal within thirty (30) days of receipt of the appeal request in conformance with the

procedures described in the Plan.  (Am. Compl., Ex. "B," at 3.2-72).

If Plaintiffs are not satisfied with any Level One appeal decision, Plaintiffs are directed to

request a Level Two appeal on each disputed claim within fifteen (15) days of receipt of the

Level One decision.  As outlined in the Plan's Level Two Standard Appeal, Plaintiffs shall have

the right to present their Level Two appeal to the Second Level Appeal Committee ("SLAC").

(Am. Compl., Ex. "B," at 3.2-72). The Court directs that this presentation occur in the form of an in-person hearing, that Plaintiffs not be limited in the number of attorneys who may represent them before the SLAC, that Defendants' counsel be permitted to participate in the hearing, that Defendants transcribe the proceedings before the SLAC, and that the transcript be made part of the record in this case. The Court further directs that Plaintiff's Level Two appeals be consolidated after all Level Two appeals are filed, and that they be considered by Defendants together at the same hearing, rather than in a piecemeal fashion.

The parties are directed to schedule Plaintiffs' hearing before the SLAC so that the hearing occurs within thirty (30) days after Plaintiff's last Level Two appeal is filed. Defendants shall evaluate each appeal and issue a Level Two decision on the appeal within fifteen (15) days of Plaintiffs' hearing before the SLAC. Plaintiffs will not be required to exhaust the External Standard Appeals process, (See Am. Compl., Ex. "B," at 3.2-73), because a third level of appeal is unnecessary in order to develop an administrative record and will unduly delay the final disposition of Plaintiffs' claims. The case shall return to active status after the issuance of Defendants' Level Two decision(s). Plaintiffs shall have fifteen (15) days after the issuance of Defendants' decision to amend their complaint in the instant action, if they deem it necessary.

## IV.    CONCLUSION

In sum, Defendants' Motions to Dismiss will be denied without prejudice. Because Plaintiffs failed to exhaust their administrative remedies as required under ERISA, the parties will be directed to conduct an expedited administrative review of all claims in accordance with this Opinion. Until the administrative appeal process is complete, this case will be stayed and placed in the suspense docket. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER TEMPLIN, et. al.,            :
                                         :
        Plaintiffs,                      :        Civil Action
                                         :        Case No. 09-4092
        v.                               :
                                         :
INDEPENDENCE BLUE CROSS, et. al.,        :
                                         :
        Defendants.                      :

**ORDER**

AND NOW, this 27th day of July, 2010, upon consideration of the Motion to Dismiss

filed by Defendant Carefirst, Inc. (Doc. No. 19), the Motion to Dismiss filed by Defendants QCC

Insurance Co. and Independence Blue Cross (Doc. No. 20), Plaintiffs' Amended Complaint

(Doc. No. 16), Plaintiffs' Responses in Opposition to Defendants' Motions (Docs. No. 21 and

22), Defendant Carefirst's and Defendants QCC Insurance Co and Independence Blue Cross's

Replies (Docs. No. 23 and 24), the Status Reports filed by Plaintiffs and by Defendants QCC

Insurance Co. and Independence Blue Cross (Docs. No. 30 and 31), and after a hearing on the

Motions held on March 19, 2010, it is hereby ORDERED as follows:

1.  The Motion to Dismiss filed by Defendant Carefirst, Inc. (Doc. No. 19) is DENIED

WITHOUT PREJUDICE;

2.  The Motion to Dismiss filed by Defendants QCC Insurance Co. and Independence

Blue Cross (Doc. No. 20) is DENIED WITHOUT PREJUDICE;

3.  This case is placed in SUSPENSE, and the parties are ORDERED to engage in an administrative review of all disputed claims as outlined in this Court's Opinion.  The parties shall complete the administrative review process, and the case shall be returned to active status, within 120 days of the issuance of this Order.  The parties shall update the Court on their progress every 60 days from the date of this Order.  The update may be in the form of a letter to the Court which will be filed of record

4.  Plaintiffs are granted leave to file a second amended complaint within fifteen (15) days of the completion of the administrative review process, if they deem it necessary to do so.

BY THE COURT:


  /s/ Joel H. Slomsky, J.
JOEL H. SLOMSKY, J.