PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

November 12, 2010

**VIA PACER, FACSIMILE AND FIRST CLASS MAIL**

The Honorable Joel H. Slomsky
United States District Judge
United States Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106-1797

      Re:    Templin, et al. v. Independence Blue Cross, et al.
             (E.D. Pa. No. 09-4092)

Dear Judge Slomsky:

      We represent Plaintiffs in the above-referenced action. In accordance with the Court's Opinion and Order dated July 27, 2010 (the "Order") we submit this status report following the conclusion of the "administrative review" process mandated by the Order. As provided for in the Order, Plaintiffs will be filing a Second Amended Complaint on November 15, 2010.

      Plaintiffs have complied with the administrative review procedures set forth in the Order. Pursuant to the Court's Order -- which deemed the claims "denied" for purposes of resolution even though Defendants had made no determination so stating; Defendants had only represented that the claims had been "pended" -- on July 30, 2010, Plaintiffs filed a "Level One Appeal" with respect to all outstanding claims. A copy of the Level One Appeal is annexed hereto as Exhibit A. By letters dated August 30, 2010 and October 13, 2010, Defendant Independence Blue Cross ("IBC") issued separate Level One Appeal Determinations for each of the Plan members with outstanding claims (the "Level One Determinations"). The Level One Determinations adhered, almost uniformly, and without any further explanation, to the "decisions" not to pay each of the appealed claims. Plaintiffs have never seen the "decisions" referred to.

      As a result, in accordance with the Order, on September 16, 2010, Plaintiffs filed their Second Level Appeal (Exhibit B hereto). On October 14, 2010, pursuant to the Order, an in person hearing (the "Hearing") was held before IBC's

PADUANO & WEINTRAUB LLP

Hon. Joel H. Slomsky
November 12, 2010
2

Second Level Appeal Committee ("SLAC").[1] Despite our requests that Defendants produce a witness for examination at the Hearing who was a "decision-maker" with respect to the appealed invoices, Defendants refused to do so.

Defendant CareFirst did not participate in, nor did it or its counsel attend, the Hearing. Each of the Individual Plaintiffs and the other affected patients or patient representatives (in the case of minor patients) participated in the Hearing either in person or telephonically. At the Hearing, Plaintiffs provided each of the three SLAC members with a binder containing all of the documentation that had previously been provided (on several occasions) to Defendants for each of the claims. Plaintiffs made a presentation in which each of the patients or patient representatives addressed the SLAC panel and then made a specific presentation with respect to each of the outstanding claims. During the course of the Hearing, in response to our observation that the SLAC panel's goal was to arrive at the truth of the dispute, one of the SLAC members stated: "Unfortunately, that's not our role or purpose because sometimes – most of the time, claims get paid. Sometimes, rarely actually in the scheme of things, they don't get paid or they don't get paid correctly" (Tr. pp. 78 -79).[2] Yet, despite this observation, each and every one of the claims which form the basis of this lawsuit during a two year period was **not** paid in a timely manner.

IBC did not make a presentation regarding any of the claims. The SLAC panel asked certain questions pertaining to specific claims. At the conclusion of the Hearing, the SLAC panel requested that Plaintiffs provide certain information with respect to just six claims. This information, almost all of which was in the hands of Defendants since September 2009 (at the latest), was again

---

[1] In accordance with the Order, a copy of the transcript of the proceedings is being filed as an attachment to this status report. (Exhibit C hereto).

[2] The "hearing" was one in name only. For example, Michael Zipfel, IBC's in-house counsel who negotiated with us in June 2009 and again in April 2010, appeared as "legal counsel" to the SLAC panel. (Tr. 10; 13 -15). Specifically, at the Hearing, in response to an issue that was placed before the SLAC panel by Plaintiffs, Mr. Zipfel stated: "Here's the resolution, members of the committee, they will discuss Mr. Champen's medical condition and that is what they can do." (Tr. at 15).

PADUANO & WEINTRAUB LLP

Hon. Joel H. Slomsky
November 12, 2010
3

provided to IBC by letter dated October 21, 2010 (Exhibit D hereto).[3] As of that date, Plaintiffs were owed approximately $1,500,000.00, exclusive of interest and attorneys' fees.

By correspondence dated October 29, 2010, the Second Level Appeal determinations were issued which simply reversed the previous presumed "denials" without explanation (collectively, Exhibit E hereto). Despite the "promises to pay" all but two of the claims contained in each of the determination letters, Plaintiffs have not received payment for a single claim that was part of the Second Level Appeal. In addition, while Plaintiffs had been advised that certain claims are "in process," the amounts that have been approved for payment are significantly less than what Feldman's is owed. For example, on just three invoices, Defendants have represented in the Second Level Appeal Determinations that they intend to pay some $600,000 **less than** what is owed to Feldman's. Despite Plaintiffs' attempts to have a dialogue with Defendants concerning these disparities, counsel for defendant CareFirst was not available for a substantive conversation prior to the time that Plaintiffs were required to file their Second Amended Complaint; as this letter was being sent we received an unhelpful "preliminary" analysis from counsel for CareFirst.

Plaintiffs therefore request that this case be removed from suspense and placed back on the active calendar.

We are available for a conference at the Court's convenience.

Respectfully,

Anthony Paduano

[Attachments]
cc: Katherine Katchen, Esq.
    Mark Oberstaedt, Esq.
    Timothy Cole, Esq. (all via electronic mail)

---

[3] In the October 21, 2010 submission to the SLAC panel, Plaintiffs included, for the first time, the declaration of Plaintiff Viola Hendrick's son's treating physician at the Children's Hospital of Philadelphia. In the declaration, the doctor confirmed that she had issued two prescriptions which Defendants had questioned.