IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER TEMPLIN, et. al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | NO. 09-4092 |
| v. | : | |
| | : | |
| INDEPENDENCE BLUE CROSS, et. al., | : | |
| | : | |
| Defendants. | | |

## ORDER

AND NOW, this 14th day of February 2011, upon consideration of Defendants

Independence Blue Cross and QCC Insurance Company's  ("IBC Defendants") Motion to

Dismiss the Second Amended Complaint (Doc. No. 54), Plaintiffs' Brief in Opposition to the

Motion to Dismiss (Doc. No. 57), IBC Defendants' Reply Brief in Further Support of the Motion

to Dismiss (Doc. No. 58), and Defendant Carefirst, Inc.'s Answer (Doc. No. 52), as well as

consideration of the Second Amended Complaint (Doc. No. 48) and after Oral Argument held on

January 21, 2011, it is ORDERED as follows:

1.      Defendants IBC Defendants' Motion to Dismiss the Second Amended Complaint

        (Doc. No. 54) is GRANTED in part.  Count Three of the Second Amended

        Complaint is DISMISSED WITH PREJUDICE.[1]

---

[1] Plaintiffs bring Count Three of the Second Amended Complaint pursuant to the
Pennsylvania Quality Health Care Accountability and Protection Act, 40 PA. STAT. § 991.2101
("Act 68").  In Solomon v. U.S. Heathcare Systems of Pennsylvania, Inc., a three-judge panel of
the Pennsylvania Superior Court held that Act 68 does not create a private right of action.  797
A.2d 346, 352-53 (Pa. Super. Ct. 2002).  The court reasoned that, given that the Act establishes
an administrative procedure by which a provider can file a complaint with the Pennsylvania
Insurance Department, the Pennsylvania Legislative did not intend to create a private remedy.  Id.
But see Grider v. Keystone Health Plan Central, Inc., No. 01-5641, 2003 WL 22182905, at *29
(E.D. Pa. Sept. 18, 2003) (declining to following Solomon and concluding that "it is consistent
with the underlying purpose of the legislative scheme to imply a private cause of action and that
the Supreme Court of Pennsylvania would also do so").  The Court here finds that Solomon

2.      With respect to the balance of the Motion including the issue of attorney's fees,

interests, and costs, the parties shall appear for mediation before Magistrate Judge

Carol Wells on **February 18, 2011 at 10:30 a.m.** in room 3016, United States

Courthouse, Philadelphia, Pennsylvania.  The parties and/or persons with full

authority to settle must accompany counsel to the mediation unless excused in

advance by Judge Wells.


BY THE COURT:


 /s/ Joel H. Slomsky, J.
JOEL H. SLOMSKY, J.

---

represents an accurate prediction of how the Pennsylvania Supreme Court would decide the
issue.  Accordingly, since Act 68 does not create a private right of action, Plaintiffs do not state a
claim in Count Three of the Second Amended Complaint.