IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER TEMPLIN, et al.,      :
     :
         Plaintiffs,      :      CIVIL ACTION
     :      NO. 09-4092
         v.      :
     :
INDEPENDENCE BLUE CROSS, et al.,      :
     :
         Defendants.

## OPINION

**Slomsky, J.**                                                  **May 13, 2011**

## I.    INTRODUCTION

Before the Court is the Motion to Dismiss the Second Amended Complaint filed by

Defendants Independence Blue Cross ("IBC") and QCC Insurance Company ("QCC") (Doc. No.

54). Defendant QCC is an affiliate of Defendant IBC and they will be referred to in this Opinion

as IBC Defendants. On February 14, 2011, the Court granted the Motion in part, dismissing with

prejudice Count Three and reserving a ruling on the Motion to Dismiss the remaining Counts

until the parties completed a required mediation.[1] (Doc. No. 66.) Having received notice from

the parties that they have completed their mediation but have not reached a final settlement, the

Court will now consider the Motion to Dismiss the remaining Counts of the Second Amended

Complaint.

This case arises out of the alleged failure of Defendants IBC, QCC, and Carefirst, Inc.

---

[1] Plaintiffs brought Count Three of the Second Amended Complaint pursuant to the
Pennsylvania Quality Health Care Accountability and Protection Act, 40 PA. STAT. § 991.2101
("Act 68"). The Court found that Act 68 did not create a private right of action and for this
reason dismissed Count Three. (Doc. No. 66 (citing Solomon v. U.S. Heathcare Systems of
Pennsylvania, Inc., 797 A.2d 346, 352-53 (Pa. Super. Ct. 2002)).)

("Carefirst" together with IBC and QCC will be referred to as "Defendants") to pay health insurance claims submitted to them by Plaintiffs Feldman's Medical Center Pharmacy and FCS Pharmacy ("Pharmacy Plaintiffs"). In the Motion to Dismiss, IBC Defendants assert that the case is now moot since all claims at issue here have been approved for payment by IBC Defendants through the administrative review process that the Court ordered the parties to complete.

For reasons that follow, the Court will grant IBC Defendants' Motion to Dismiss the Second Amended Complaint since all claims have been paid and the case is now moot.[2]

## II.      BACKGROUND

### a.      Factual Background

Plaintiffs Christopher Templin and Viola Hendricks work for Factor Health Services II, LLC ("Factor II"). Factor II was issued a group health insurance policy (the "Plan") by Defendant QCC on behalf of Defendant IBC. (Doc. No. 48 ¶ 15.) The Plan was underwritten and/or administered by Defendants who each operate under a license from the Blue Cross Blue Shield Association (hereinafter "BCBS"). (Id. at ¶¶ 5-7, 10.) Plaintiffs Templin and Hendricks

---

[2] The Motion to Dismiss filed by IBC Defendants requests that the Court dismiss Counts One and Two against IBC Defendants. Defendant Carefirst is also named as a defendant in Counts One and Two. The Motion filed by IBC Defendants does not request dismissal of Counts One and Two as to Defendant Carefirst. Similarly, Count Four, which names only Defendant Carefirst as a defendant, is not challenged in the Motion to Dismiss. In the Motion, IBC Defendants argue that the Court no longer has jurisdiction over this case because approval and payment of the disputed insurance claims has been accomplished. The approval and payment renders the case moot and removes the element of a case or controversy. Therefore, the Court no longer has jurisdiction. A lack of jurisdiction based on mootness may be raised by a court *sua sponte* at any time. Accordingly, this Court will decide whether the claims against Defendant Carefirst asserted in Counts One, Two, and Four should be dismissed as moot. See Abulkhair v. Bush, No. 08-5410, 2008 WL 5416401, at *2 (D.N.J. Dec. 22, 2008) (citing Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986)) (mootness is a jurisdictional issue that must be resolved by a court and may be raised by a court *sua sponte* at any time).

are participants or beneficiaries covered under the Plan.  (Id. ¶ 20.)  Both Templin and Hendricks

or their dependents are hemophiliacs and are prescribed blood medication by their doctor.  (Id. ¶

10.)  The prescriptions are filled by Plaintiffs Feldman's Medical Center Pharmacy and FCS

Pharmacy (the "Pharmacies" or "Pharmacy Plaintiffs"), which are located in Maryland and

Florida, respectively.  (Id. ¶¶ 10-11.)

　　　After the Pharmacies dispense the prescription medication, they receive an assignment of

benefits from Templin and Hendricks which allows the Pharmacies to recover directly from

Defendants by submitting a claim for payment.  (Id. at 11-12.)  In this case, Templin and

Hendricks provided the Pharmacy Plaintiffs with an assignment of benefits after the prescriptions

were filled.  However, according to Pharmacy Plaintiffs, when they submitted the claim forms to

Defendants seeking payment for the medication provided to Plaintiffs Templin and Hendricks,

Defendants failed to pay these claims in accordance with the terms of the Plan.

　　　As a result, Plaintiffs brought suit against Defendants pursuant to Section 502(a)(1)(B) of

the Employee Retirement Income Savings Act of 1974[3] ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

(Doc. No. 1 ¶¶ 31-41.)  Section 502(a)(1)(B) of ERISA entitles a plan beneficiary to bring a civil

action "to recover benefits due to him under the terms of his plan, to enforce his rights under the

terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

**B.      Procedural Posture**

　　　　1.      Procedural Posture Preceding Hearing Held on January 21, 2011

On September 9, 2009, Plaintiffs began this lawsuit by filing a complaint.  (Doc. No. 1.)

On October 14, 2009, IBC Defendants filed their first Motion to Dismiss.  (Doc. No. 3.)  By Joint

---

[3]  29 U.S.C. § 1001, *et seq.*

Stipulation and Order (Doc. No. 11), the parties agreed and this Court ordered that Plaintiffs could amend the Complaint.  Plaintiffs filed the Amended Complaint on December 2, 2009. (Doc. No. 16.)

On December 21, 2009, Defendant Carefirst filed a Motion to Dismiss.  (Doc. No. 18.) The following day IBC Defendants filed their second Motion to Dismiss.  (Doc. No. 20.)[4]  The Court held a hearing on both Motions on March 19, 2010.  The Court issued an Opinion (Doc. No. 39) and Order (Doc. No. 40) denying both Motions to Dismiss without prejudice and directing that the case be placed in suspense while the parties completed an expedited administrative review process of the claims in question.[5]

---

[4]  On January 4, 2010, Plaintiffs filed a Response in Opposition to Defendant Carefirst's Motion to Dismiss (Doc. No. 21), and on January 5, 2010, Plaintiffs filed a Memorandum in Opposition to IBC Defendants' Motion to Dismiss (Doc. No. 22).   On January 14, 2010, both Defendant Carefirst and IBC Defendants filed a Reply (Doc. Nos. 23, 24).  The Court has considered all submissions in deciding the Motions to Dismiss.

[5]  The following is a summary of the Review Process that the Court directed the parties to undertake:

(1) Plaintiffs should submit their level one appeal within 30 days of the Opinion (by August 26, 2010).

(2) Defendants are to evaluate and issue a level one decision within 30 days of receipt of the request.

(3) Plaintiffs, if unsatisfied with the level one decision, may submit a level two appeal within 15 days of receipt of the level one decision.

(4) Parties are directed to have a hearing on the level two appeal within 30 days of the appeal being filed.

(5) Defendants are then required to issue a level two appeal decision within 15 days of the hearing.

(6) Plaintiffs then have 15 days after the issuance of the level two appeal decision to

4

On November 15, 2010, after completing the expedited administrative review process as directed by the Court, Plaintiffs filed the Second Amended Complaint.  (Doc. No. 48.)   In light of the filing of the Second Amended Complaint, the Court issued an order removing the case from suspense and directing Defendants to Answer or otherwise respond.  (Doc. No. 49.)  On December 2, 2010, Defendants Carefirst filed an Answer (Doc. No. 52).  The following day, IBC Defendants filed the Motion to Dismiss now before the Court.  (Doc. No. 54.)  On December 27, 2010, Plaintiffs filed their Response in Opposition to the Motion to Dismiss the Second Amended Complaint.  (Doc. No. 57.)  The Court held a hearing on the Motion on January 21, 2011.

## 2.    The January 21, 2011 Hearing

During the hearing, counsel for IBC Defendants informed the Court that the expedited administrative review process resulted in IBC Defendants approving all remaining, non-duplicative benefit claims.  (Transcript of the January 21, 2011 Hearing ("Hr'g Tr.") at 5:2-7:2.)  Although at the time of the hearing the claims had not yet been paid in full, Defendant Carefirst admitted that it was responsible for such payment.  (Id. at 7:3-19.)  IBC Defendants argued that, even without payment having been made, the claims were moot as to IBC Defendants because they had approved the disputed claims.  If the delay in paying the claims maintained a live controversy, it did so only with respect to Defendant Carefirst who was the responsible party for paying them.

Counsel for Plaintiffs acknowledged that the disputed claims have been approved by IBC Defendants.  They argued, however, the case was not moot because they had yet to receive

amend their complaint in the instant action.

payment from Defendant Carefirst.  (Id. at 8:18-15:7.)  Defendant Carefirst conceded that it was

in fact responsible for paying the disputed claims and had not yet done so.  However, Defendant

Carefirst assured the Court that the claims would be paid by February 11, 2011 and agreed to

inform the Court when such payment had been made.  (Id. at 7:15-19; see also Doc. No. 65.)

Plaintiffs responded that even after the disputed claims have been paid, a live controversy would

remain with respect to whether Plaintiffs were entitled to attorney's fees and costs.  (Hr'g Tr. at

13:23-14:20.)

The Court informed the parties that it would reserve ruling on the Motion to Dismiss the

Second Amended Complaint until it received notice from the parties that Defendant Carefirst

paid the disputed claims.

3.      Procedural Posture After the January 21, 2011 Hearing

On February 12, 2011, counsel for Defendant Carefirst informed the Court that it had

paid the disputed claims.  (Doc. No. 65.)  On February 14, 2011, the Court dismissed Count

Three from the Second Amended Complaint with prejudice.[6]  With respect to the remaining issue

involving attorney's fees and costs, the Court ordered that the parties attend a settlement

conference with United States Magistrate Judge Carol Wells.  On March 16, 2011, the parties

met with Judge Wells, but were unable to reach a settlement.  Accordingly, the Court will now

consider the Motion to Dismiss with respect to the remaining claims contained in Counts One,

Two, and Four.

C.      **The Second Amended Complaint**

---

[6]  As stated above in footnote 1, the Court dismissed Count Three from the Second
Amended Complaint, finding that the state statute pursuant to which Plaintiffs brought Count
Three did not create a private right of action.

6

The Second Amended Complaint contains four counts.  As noted above, Counts One and Two are asserted against IBC Defendants and Defendant Carefirst and brought pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Savings Act of 1974[7] ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  (Doc. No. 1 ¶¶ 31-41.)  Section 502(a)(1)(B) of ERISA entitles a plan beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  (See id. at 34.)  Count One requests recovery of those benefits due to Plaintiffs under the Plan, while Count Two requests a declaration that Pharmacy Plaintiffs were entitled to payment under the Plan.  In both Counts, Plaintiffs request the award of attorney's fees and costs.

As stated, the Court dismissed Count Three by Order dated February 14, 2011. (Doc. No. 66.)  Count Four is asserted against Defendant Carefirst only and alleges that the refusal of Defendant Carefirst to pay the disputed claims violated Section 12-1005 of the Maryland Code. (Id. ¶¶ 46-50.)[8]

## III.   LEGAL STANDARD

IBC Defendants have moved to dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

> "When a motion to dismiss is based on lack of subject matter jurisdiction
> pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court

---

[7]  29 U.S.C. § 1001, *et seq.*

[8]  As discussed above in footnote 2, the Court will determined whether the payment of the disputed insurance claims renders the causes of action asserted against all Defendants in Counts One, Two, and Four moot.

should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses become moot and need not be addressed." Cellco Partnership d/b/a Verizon Wireless & Onstar, LLC v. Dealers Warranty, LLC, No. 9–1814, 2010 WL 3946713, at *3 (D.N.J. Oct. 5, 2010) (quoting Wyeth & Cordis Corp. v. Abbot Labs., No. 8–230, 2008 WL 203685, at *2 (D.N.J. May 8, 2008)); see also Tagayun v. Stolzenberg, 239 Fed. App'x 708, 710 (3d Cir. 2007) ("An actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case."); McCurdy v. Esmonde, 2003 WL 223412, at *4 (E.D. Pa. Jan. 30, 2003) ("Without jurisdiction the court cannot proceed at all in any cause.") (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998).

Federal Rule of Civil Procedure 12(b)(1) states:

> . . .
> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion ... (1) lack of subject-matter jurisdiction.

Fed. R. Civ. P. 12(B)(1). Challenges to subject matter jurisdiction under Rule 12(b)(1) may be either facial or factual. Smith v. Rebstock, Slip Copy, 2011 WL 1235142, at * [ ] (E.D. Pa. 2011) (citing Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009)).

Walthour v. Herron, No. 11-1690, 2010 WL 1325981, at *1-2 (E.D. Pa. Apr. 7, 2011).

While a facial attack requires a court to consider "'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court' . . . a defendant who challenges jurisdiction 'in fact,' as in this case, 'contend[s] that the court in fact lacks subject matter jurisdiction, no matter what the complaint alleges.'" Edmonson v. Lincoln Nat. Life Ins. Co., No. 10-4919, 2011 WL 1234889, at *5 (E.D. Pa. Apr. 1, 2011) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) and NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001)).

8

IV.     **DISCUSSION**

IBC Defendants have filed a Motion to Dismiss the Second Amended Complaint arguing that since they have approved all disputed insurance claims for payment, the claims asserted against them are moot.  With respect to Defendant Carefirst, the Court will decide whether the payment of the disputed claims by Defendant Carefirst renders the case against them moot.[9] Although Plaintiffs concede that all disputed claims have been approved by IBC Defendants and paid by Defendant Carefirst, they argue that there remains a live controversy regarding whether counsel for Plaintiffs are entitled to attorney's fees.  For reasons that follow, the Court will grant the Motion to Dismiss and will dismiss the Second Amended Complaint as to all Defendants because the approval and payment of the disputed insurance claims renders the case moot.

A.     <u>**Mootness Generally**</u>

Article III of the United States Constitution gives federal courts the power to resolve "cases" or "controversies."  Courts enforce the "case or controversy" requirement using several doctrines which assist them in determining whether a case is justiciable — that is, whether a case is subject to judicial review.  <u>Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66</u>, 580 F.3d 185, 190 (3d Cir. 2009) (citing <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984)).  These doctrines include "standing, ripeness, mootness, political-question doctrine, and the prohibition on advisory opinions."  <u>Id.</u>

As the Third Circuit explained with respect to mootness:

> Mootness has been described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its

---

[9]   <u>See</u> footnote 2, *supra*.

9

existence (mootness)."  "A central question in determining mootness is whether a change in the circumstances since the beginning of the litigation precludes any occasion for meaningful relief."

Bass v. Butler, 238 Fed. App'x 773, 775-76  (3d Cir. 2007) (citations omitted).  Under traditional mootness principles, "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate" and the payment "will generally moot the claim."  Weiss v. Regal Collections, 385 F.3d 337, 340-42 (3d Cir. 2004) (citing Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991)).

### B.        The Payment of Disputed Claims Renders Counts One and Two Moot

Counts One and Two of the Second Amended Complaint allege wrongful denial of benefits under ERISA by both IBC Defendants and Defendant Carefirst.  The Complaint does not allege that Plaintiffs Templin and Hendricks were denied their medication, but rather that Pharmacy Plaintiffs were denied payment for the medication Pharmacy Plaintiffs provided to them.  Plaintiffs request that the Court declare Pharmacy Plaintiffs are entitled to payment under the Plan (Count Two) and award damages to recover for payments improperly denied (Count One).

The case against IBC Defendants became moot when IBC approved all disputed insurance claims for payment during the administrative review process the Court had ordered the parties to complete.  The case against Defendant Carefirst became moot when Carefirst paid the disputed claims.  These events represent a change in circumstances that preclude this Court from granting meaningful relief since Plaintiffs have received the payments which they alleged were wrongfully withheld.

10

Plaintiffs assert that notwithstanding the payment of the disputed claims, there remains a live controversy given Plaintiffs' request for attorney's fees.  "However, a request for such fees does not preserve a claim that otherwise has become moot."[10]  <u>Tannenbaum v. Unum Life Ins. Co. of Am.</u>, No. 03-1410, 2010 WL 2649875, at *6 n.14 (E.D. Pa. June 30, 2010) (citing <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 480 (1990) (a plaintiff's "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim")).  Consequently, the Court will dismiss Counts One and Two against all Defendants because the claims asserted in them are moot.

**C.   <u>Count Four</u>**

Although Count Four is asserted against Defendant Carefirst only and is not the subject of the Motion to Dismiss before the Court, the Court also will dismiss Count Four of the Second

---

[10]  To the extent Plaintiffs will request attorney's fees and costs, their right to such fees may be raised by Motion after the entry of judgment.  Further, in a previous Order, the Court held that Plaintiffs failed to exhaust their administrative remedies prior to filing suit and directed the parties to pursue the administrative review process.  Plaintiffs should bear in mind that the Third Circuit has held that fees awarded pursuant to 29 U.S.C. § 1132(g)(1) are limited to those incurred in connection with a district court proceeding and do not include the costs incurred during *pre-litigation administrative* proceedings.  <u>Hahnemann Univ. Hosp. v. All Shore, Inc.</u>, 514 F.3d 200, 313 (3d Cir. 2008).  Although this holding applies only to limit *pre-litigation* administrative costs, since an ERISA plaintiff is required to exhaust his administrative remedies prior to filing suit, it appears that this holding would apply with equal force to administrative proceedings held *post-filing* of the complaint in a case where plaintiff failed to exhaust his administrative remedies prior to filing suit.  <u>See also</u> <u>Rego v. Westvaco Corp.</u>, 319 F.3d 140, 150 (4th Cir. 2003) (A Fourth Circuit case holding that plan participant was not entitled to attorney's fees for the time spent litigating the dispute in district court because he had failed to exhaust administrative remedies prior to filing suit.  The court reasoned that had plaintiff "exhausted those remedies before commencing litigation, he would have no litigation-related expenses to which a fee award under § 1132(g)(1) could apply, since he would have been successful at the administrative level.").

Amended Complaint because it also asserts a claim that is moot.  Defendant Carefirst filed an

Answer to the Second Amended Complaint and not a Motion to Dismiss.  At the time Defendant

Carefirst filed its Answer on December 2, 2010, the case was not moot as to Defendant Carefirst

because it had yet to pay the disputed claims.  The case became moot when Defendant Carefirst

paid the claims.

Mootness is a jurisdictional issue that must be resolved by the Court and may be raised by

the Court *sua sponte* at any time.  Abulkhair v. Bush, No. 08-5410, 2008 WL 5416401, at *2

(D.N.J. Dec. 22, 2008) (citing Bender v. Williamsport Area School Dist., 475 U.S. 534, 541

(1986)).  In Count Four, Plaintiffs assert that the failure of Defendant Carefirst to pay the

disputed claims is a violation of Maryland Code, Section 15-1005.  However, as discussed above,

Defendant Carefirst has paid the disputed claims.  Thus, for the same reason that the payments

mooted Counts One and Two against Defendant Carefirst, the payment of the disputed claims

renders Count Four moot.  Accordingly, the Court will dismiss Count Four, in addition to

dismissing Counts One and Two, brought against Defendant Carefirst.

## V.      CONCLUSION

For the foregoing reasons, the Court will grant the Motion to Dismiss the Second

Amended Complaint.  The Court will also dismiss the Second Amended Complaint as to all

Defendants because the approval and payment of all disputed claims has rendered this case moot.

An appropriate Order follows.

12