IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

CHRISTOPHER TEMPLIN, VIOLA HENDRICKS,
FELDMAN'S MEDICAL CENTER PHARMACY,
INC., and FCS PHARMACY LLC,

                *Plaintiffs*,

-*against*-

                Civil Action No. 09-4092 (JHS)

INDEPENDENCE BLUE CROSS, QCC
INSURANCE COMPANY, and CAREFIRST, INC.,

                *Defendants*.

---

## IBC DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MEMORANDUM OF LAW PURSUANT TO THIS COURT'S JULY 23, 2015 ORDER

**I.    INTRODUCTION**

"[B]eing eligible for an award and receiving that award are not the same thing." *Templin v. Independence Blue Cross*, 785 F.3d 861, 866 (3d Cir. 2015) ("*Templin II*"). Thus, the Third Circuit Court of Appeals did not hold that Plaintiffs are entitled to any attorneys' fees as to interest. Instead, the Third Circuit remanded to this Court[1] to decide the issue based upon the exercise of its discretion and an analysis of the factors established in *Ursic v. Bethlehem Mine*, 719 F.2d 670, 673 (3d Cir. 1983).

This Court should deny Plaintiffs' application for attorneys' fees and costs related to their claim for interest. First, Plaintiffs are not entitled to an award under *Ursic*. Second, the majority of fees Plaintiffs seek are the same fees that this Court already ruled Plaintiffs cannot

---

[1] In this regard, Plaintiffs' statement in their brief that "the Third Circuit has already held that Plaintiffs satisfied four of the *Ursic* factors" (Pl. Br. at 6) is simply false.

1

recover, which decision was affirmed by the Third Circuit, and otherwise are inflated and improper.

## II. ARGUMENT

### A. Plaintiffs Are Not Entitled to Fees under *Ursic*

Just weeks after its opinion in *Templin II*, the Third Circuit elaborated on its holding that "being eligible for an award and receiving that award are not the same thing." Thus, in *Perelman v. Perelman*, a unanimous panel of the Third Circuit[2] affirmed the district court's denial of an award of attorneys' fees to the plaintiff, even *after* finding that plaintiff had achieved "some degree of success on the merits" under *Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242 (2010). *Perelman v. Perelman*, 2015 U.S. App. LEXIS 12022 (3d. Cir. July 13, 2015). In *Perelman*, like here, the Third Circuit disagreed with the district court's finding that the plaintiff had not achieved "some success on the merits." Instead, the Third Circuit found that the plaintiff achieved some success on the merits where, after plaintiff filed his lawsuit, one of the defendants stepped down as the Plan trustee, an independent trustee was appointed, some Plan losses were reimbursed, and certain Plan records and provisions were amended or removed.[3] *Id.*, at *20. Despite this finding, however, the Third Circuit affirmed the district court's refusal to award attorneys' fees under *Ursic*. In so doing, the Third Circuit held:

> We conclude that the District Court did not abuse its discretion by declining to award fees. First, the culpability of the defendants remains speculative. Second, the benefit of [plaintiff's] lawsuit to other Plan participants has been of a limited and non-monetary nature – the Plan itself remains fully funded under federal benchmarks. And third….[plaintiff's] legal efforts to date, which have involved several years of litigation and four iterations of the complaint, were predicated in large part upon a flawed theory of constitutional standing. Under the circumstances, we conclude that the District Court did not abuse its discretion in declining to compel the defendants to finance [plaintiff's] lawsuit.

---

[2] The Honorable Thomas L. Ambro, who sat on the panel in *Templin II*, also was on the *Perelman* panel.

[3] The Third Circuit noted that none of these actions included an admission of culpability or wrongdoing. *Id.*, at * 6.

2

*Id.*, at * 22. Likewise, here, this Court should exercise its discretion under *Ursic* and deny Plaintiffs' claim for fees.

The court must consider the following factors in evaluating Plaintiffs' request for attorneys' fees under ERISA: (1) the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy an award; (3) the deterrent effect of an award on the offending party; (4) the benefit conferred on other plan members; and (5) the relative merits of the parties' positions. *Ursic*, 719 F.2d at 673.

### 1. The Culpability Factor Weighs Against an Award of Fees to Plaintiffs

As noted by the Third Circuit in *Templin II* and as Plaintiffs acknowledge in their brief, here, the most relevant period of the litigation during which this Court must analyze the culpability factor is the two years after the underlying reimbursement claims were paid.[4] That factor weighs against an award of fees.

***First***, it is undisputed that the Plan here did not provide for interest. Indeed, even the Third Circuit acknowledged as much in *Templin I*, when it declined to find Plaintiffs were entitled to interest, and instead remanded for a determination by the District Court. *Templin v. Independence Blue Cross*, 2012 U.S. App. LEXIS 13163 (3d Cir. June 27, 2012) ("*Templin I*").

***Second***, this Court dismissed (which dismissal was affirmed on appeal) Plaintiffs' stand-alone cause of action for punitive statutory interest against named Defendants Independence Blue Cross (now known as Independence Hospital Indemnity Plan, Inc.) and QCC Insurance Company, Inc. (the "IBC Defendants") pursuant to Pennsylvania's Quality Health Care Accountability and Protection Act ("Act 68"), 40 P.S. § 991.2101, *et. seq*, because there is no

---

[4] The Third Circuit did not, however, hold that this Court should focus *solely* on this two-year period. Nor should it do so where, as here, Plaintiffs' failure to exhaust administrative remedies prior to filing suit resulted in much of the purported "delay" for which Plaintiffs sought interest, and now seek attorneys' fees.

private right of action under Act 68. The IBC Defendants cannot possibly be found "culpable" when Plaintiffs' claim had no legal merit and ultimately was dismissed.[5]

Moreover, according to their filings immediately after their baseless Act 68 claim was dismissed, Plaintiffs sought only $20,354.48 in interest from the IBC Defendants, related to the claims of Plaintiffs Christopher Templin and FCS Pharmacy. *See* August 5, 2011 Paduano Affidavit (D.E. 97) at ¶¶ 42-45 & Exh. C; *see also* D.E. 120 (December 3, 2012 Declaration of Jordan Becker) at Exh. B (seeking $26,886.72 in interest for the Templin/FCS claims). However, even that amount was drastically inflated and unreasonable, given the actual factual record involving the Templin/FCS claims at issue.[6] In response to Plaintiffs' filings, the IBC Defendants presented evidence regarding every Templin/FCS claim at issue in the case, detailing the factual inaccuracies in Plaintiffs' charts and undercutting their claim for interest against the IBC Defendants. *See, e.g.* IBC Defendants' Sur-Reply Brief in Further Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees and Costs (D.E. 161) at Exh. 2 (January 30, 2013 Declaration of Frederick C. Brooks).

---

[5] In their prior filings, Plaintiffs purport to carve out any fees sought during the *Templin I* appeal, wherein the Third Circuit affirmed this Court's dismissal of Plaintiffs' claim against the IBC Defendants for punitive interest under Act 68. However, the actual invoices submitted with Plaintiffs' 2013 filings indicate that Plaintiffs seek recovery of many thousands of dollars related to drafting their Second Amended Complaint (which included the baseless Act 68 claim), drafting "interest charts" (which included purported interest owed pursuant to Act 68, and with respect to the IBC Defendants' motion to dismiss the Second Amended Complaint, which included the IBC Defendant's successful motion to dismiss the Act 68 claim, and which this Court granted on February 14, 2011 (D.E. 66). *See, e.g.* D.E. 142 (April 2013 Paduano Affidavit) at pp. 15-18 and Exhibit D (Invoice # 9161, 9287, and 9344). Plaintiffs may not recover for time spent pursuing their baseless and ultimately unsuccessful Act 68 claim.

[6] On September 25, 2012, Plaintiffs presented a settlement demand to the IBC Defendants, in which they demanded more than $20,000 in interest, and unreasonably demanded that any settlement of interest also include an additional payment of their attorneys' fees. *See* Exhibit A hereto. In response, the IBC Defendants detailed the inaccuracies in Plaintiffs' purported interest chart related to the Templin/FCS claims. *See* Exhibit B hereto. Despite the fact that, even in Plaintiffs' best case scenario (which the IBC Defendants disputed), any interest due on the Templin/FCS claims would be less than $500, the IBC Defendants nonetheless offered $2,000 to settle the Templin/FCS interest claims. Plaintiffs refused, continuing instead to seek unreasonably inflated interest from the Defendants and tying any settlement to the payment of attorneys' fees, the same fees that this Court already ruled were not recoverable. The IBC Defendants cannot be found to be "culpable" with respect to the payment of interest when, in fact, they attempted to reach agreement with the Plaintiffs regarding the amount truly at issue, and offered to pay Plaintiffs interest consistent with the maximum interest to which Plaintiffs could have been entitled on the Templin/FCS claims.

***Third***, Plaintiffs are collaterally estopped from arguing any culpability on the part of Defendants with respect to the claims of Plaintiff Feldman's because (1) the Feldman's claims involved a separate licensing dispute between Feldman's and CareFirst, which had nothing to do with the IBC Defendants;[7] and (2) in any event, this issue already has been litigated in Defendants' favor. *See Feldman's Med. Center Pharm., Inc. v. CareFirst, Inc.*, 898 F. Supp. 2d 883 (D. Md. 2012), *aff'd* 541 Fed. Appx. 322 (4th Cir. 2013). In that case, filed by the same Plaintiff represented by the same attorneys, the District of Maryland unequivocally rejected Plaintiffs' allegations that co-defendant CareFirst acted culpably or in bad faith by delaying or denying Feldman's factor reimbursement claims. The Fourth Circuit Court of Appeals affirmed.[8]

***Fourth***, the factual record before the District Court establishes that the IBC Defendants at all times approved for payment *any* claim (for all Plaintiffs) that was submitted through the proper claims system, and for which Plaintiffs submitted both a valid prescription and proof of delivery from the billing pharmacy to the member. *See* Memorandum of Law in Support of the IBC Defendants' Motion for an Award of Attorney's Fees and Costs (D.E. 77-1) at Exh. 1 (Frederick Brooks Decl.) at ¶ 10. During the 2010 administrative remand – which the IBC Defendants requested due to Plaintiffs' failure to exhaust their administrative remedies – Plaintiffs provided additional materials with respect to a few claims, which materials had not previously been provided to the IBC Defendants. *See, e.g.,* Exhibit 4 (October 21, 2010 letter) (referencing statements of remittance, a covered member's declaration, and prescription forms)

---

[7] Feldman's allegedly had a participating provider agreement with CareFirst which, Feldman's maintained, governed factor reimbursement claims. *See, E.g.*, D.E. 48 (Second Amended Complaint) at ¶ 13.11 The licensing dispute between CareFirst and Feldman's resulted in, *inter alia*, CareFirst's initial refusal to pay Feldman's factor claims. *See* D.E. 59 (Parties' Jan. 21, 2011 Joint Report of Rule 26(f) Meeting) at 7; D.E. 30 (plaintiffs' May 17, 2010 "status report" to this Court) at 2-3. Feldman's and CareFirst have litigated their licensing dispute since 2010, and CareFirst has unequivocally prevailed on the merits of the parties' dispute. *See Feldman's Med. Ctr. Pharm., Inc. v. CareFirst, Inc.*, Case No. 10-254 (D. Md.).

[8] The doctrine of defensive collateral estoppel bars Plaintiffs from asserting these claims against the IBC Defendants. *Kliesh v. Select Portfolio Servicing, Inc.*, No. 12-548, 2012 U.S. Dist. LEXIS 90651, at *33-35 (E.D. Pa. June 29, 2012).

at 1-2; D.E. 47 (plaintiffs' November 12, 2010 letter to District Court) at 2-3 (admitting same); D.E. 30 (plaintiffs' May 17, 2010 "status report" to the District Court) at 4 & n.5 (admitting that new information was forthcoming). The Court-ordered administrative review process resulted in approval of the entirety of Plaintiffs' few remaining, non-duplicative benefit claims.

Ultimately, Plaintiffs agreed to settle their interest claim for less than 5% of the total amount they were seeking from Defendants. Of course, at the time of that settlement, Plaintiffs knew that the IBC Defendants were prepared to submit testimonial and documentary evidence to the Court demonstrating that Plaintiffs' claims for interest were factually unsupported. *See, e.g.* IBC Defendants' Sur-Reply Brief in Further Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees and Costs (D.E. 161) at Exh. 2 (January 30, 2013 Declaration of Frederick C. Brooks).

***Fifth***, as in *Perelman*, there was no admission of any culpability or wrongdoing in connection with the settlement between the parties with respect to Plaintiffs' claim for interest. *Perelman*, 2015 U.S. App. LEXIS 12002, * 6.

For each of the foregoing reasons, the culpability factor weighs against an award of fees to Plaintiffs.

### 2. The Deterrent Effect Factor Weighs Against an Award of Fees to Plaintiffs

The "deterrent" factor applies where an award of attorneys' fees would discourage litigants from engaging in wrongful behavior. As set forth herein, there has been no "wrongful behavior" by Defendants, from a factual or legal perspective. An award of fees here only would deter parties, like Defendants, from legitimately challenging legally baseless claims (such as Plaintiffs' Act 68 claim) and from entering into settlements (such as the interest settlement here)

for a small fraction of the amount sought. These are not the types of "deterrents" contemplated by *Ursic*.

Moreover, an award of attorneys' fees to Plaintiffs here would incentivize litigants to ignore ERISA's exhaustion requirements, file premature and unnecessary litigation seeking interest for the self-imposed "delay" caused by their own failure to exhaust,[9] and then, after running up fees for all parties, capitulate at the last minute and accept less than 5% of the interest initially sought. Moreover, litigants such as Plaintiffs should not be rewarded for continuing to litigate and appeal legally baseless claims (such as Plaintiffs' failed claim under Act 68). As in *Perelman*, the Court should "declin[e] to compel the Defendants to finance [plaintiff's] lawsuit." Accordingly, the deterrence factor weighs against an award of fees here.

### 3. Plaintiffs Have Not Conferred any Benefit on Plan Members, Pursuant to the Third *Ursic* Factor

Plaintiffs offer no substantive support with respect to the "benefit conferred" factor and do not identify a single actual benefit that has inured to the ERISA Plan as a whole. Instead, they merely proclaim (without any case law support) that "because Defendants were culpable and because the relative merits weigh in favor of Plaintiffs, Plaintiffs did benefit the Plan as a whole." Pl. Br. at 14. Plaintiffs' circular reasoning is not only incorrect given the facts of this case, it also seeks to render irrelevant the benefits conferred factor by arguing that it requires no independent analysis.

This factor weighs against an award of fees to Plaintiffs. Throughout the entirety of this case, Plaintiffs sought and obtained benefits only for themselves. The voluntary payment of the

---

[9] An ERISA plaintiff's failure to exhaust administrative remedies bars him from later recovering attorneys' fees incurred because of that failure. *See Staats v. Proctor & Gamble Long Term Disability Allowance Plan*, No. 11-1320, 2012 U.S. Dist. LEXIS 121289, at *10-16 (W.D. Pa. Aug. 27, 2012); *Zacharkiw v. Prudential Ins. Co. of Am.*, No. 10-639, 2012 U.S. Dist. LEXIS 21242, at *14-18 (E.D. Pa. Feb. 21, 2012); *Schaffer v. Prudential Ins. Co. of Am.*, 301 F. Supp. 2d 383, 384-88 (E.D. Pa. 2003).

underlying claims, and the voluntary interest settlement, benefitted only the Plaintiffs. Similarly, any future award of attorneys' fees will benefit only the Plaintiffs, and no other Plan participants. The ERISA Plan at issue does not provide for interest and, therefore, nothing Plaintiffs "achieved" will help interpret the Plan for future claimants. Therefore, the fourth *Ursic* factor weighs against a fee award. *See Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F. 3d 1118, 1122 (9th Cir. 2010) ("benefit to the plan as a whole" factor weighs against attorneys' fee award when claimant seeks only to benefit himself).

### 4. The Relative Merits of the Parties' Positions on Interest Weighs Against an Award of Fees to Plaintiffs

In *Templin II*, the Third Circuit held that this Court failed to analyze the "relative merits" factor, which failure "might have also tainted" its analysis of the culpability factor. *Templin II*, at 868. However, any analysis of the "relative merits" of the parties' positions specific to interest weighs against an award of fees to Plaintiffs.

***First***, the amount of interest Plaintiffs received in their settlement with Defendants ($68,000) relative to the amount of interest sought ($1.5-$1.8 million) establishes that the relative merits of Defendants' position on interest far outweighed that of Plaintiffs.

***Second***, as discussed more fully above, this Court properly dismissed Plaintiffs' claim against the IBC Defendants for punitive interest under Act 68, holding there was no private right of action under Act 68, and the Third Circuit affirmed that ruling.[10] The dismissal of Plaintiffs' claim under Act 68 further supports the relative merits of the IBC Defendants' position as to interest, and weighs against an award of fees to Plaintiffs.

***Third***, had the parties not settled the remaining interest claim (for a fraction of the amount Plaintiffs sought), the merits of the IBC Defendants' legal and factual position with

---

[10] Moreover, as set forth in more detail below, this Court and the Third Circuit already rejected Plaintiffs' untimely efforts to recover fees (including a significant amount of the fees sought in their most recent filing).

respect to interest far outweighed that of Plaintiffs. As set forth fully in the IBC Defendants' Response in Opposition to Plaintiffs' Memorandum of Law Pursuant to this Court's November 7, 2012 Order (D.E. 121) and IBC Defendants' Sur-Reply Brief in Further Opposition to Plaintiffs' Request for Pre-Judgment Interest (D.E. 126), both of which are incorporated herein by reference, absent the parties' settlement, Plaintiffs would not have been entitled to *any* pre-judgment interest because:

(1) Plaintiffs failed to exhaust their administrative remedies under ERISA and any purported interest incurred was a direct result of Plaintiffs' own failure to follow Plan procedures;

(2) Plaintiffs did not obtain a "judgment" for ERISA benefits, and the Plan did not provide for interest as a covered benefit and, as such, Plaintiffs were not entitled to interest under ERISA §502(a)(1)(B);

(3) Defendants did not "wrongfully withhold" any benefit, and as such, Plaintiffs were not entitled to interest under ERISA § 502(a)(3)(B); and

(4) Plaintiffs' claim for interest was factually inaccurate and inflated.

For each of the foregoing reasons the relative merits of the parties position weighs against an award of fees to Plaintiffs.

**B. This Court and the Third Circuit Already Have Rejected the Vast Majority of Fees Plaintiffs Once Again Seek**

Among the fees Plaintiffs now seek[11] - for the third time - are $185,924.80 of attorneys' fees for the period ***November 2010 to June 2011***. These are the ***same fees*** that this Court previously ruled Plaintiffs cannot recover from the IBC Defendants, which decision the Third Circuit affirmed.

In August 2011, Plaintiffs sought attorneys' fees and costs against the IBC Defendants for "a total of $502,148.75 during the period February 26, 2008 ***through and including June 30,***

---

[11] Plaintiffs do not state in their most recent brief the total amount of fees they seek. Instead, they incorporate by reference selective prior filings from 2013, seeking fees already rejected by this Court and the Third Circuit, and leaving it to Defendants and the Court to attempt to decipher what amount Plaintiffs seek.

9

*2011.*" D.E. 97 (Affidavit of Anthony Paduano in Support of Plaintiffs' Petition for Attorneys' Fees and Costs and Interest, at ¶ 2 and Summary Billing Sheet) ("2011 Paduano Affidavit") (emphasis added). This Court denied Plaintiffs' 2011 fee petition in its entirety (1) because it was untimely and (2) on substantive grounds. 2011 U.S. Dist. LEXIS 98482, at *12-16, *19-27 (E.D. Pa. Aug. 19, 2011). The Third Circuit affirmed. 487 Fed. Appx. 6, 13 (3d Cir. 2012).

In April 2013, Plaintiffs again sought attorneys' fees, including for time already rejected by this Court and the Third Circuit, seeking fees "for the period *November 1, 2010 to present.*" D.E. 142 (April 16, 2013 Affidavit of Anthony Paduano in Support of Plaintiffs' Petition for Attorneys' Fees and Costs, at ¶ 2 and Summary Billing Sheet) (emphasis added). Of the total amount sought in April 2013, $185,924.80 was duplicative of the fees (allegedly incurred from *November 2010 through June 30, 2011*) already sought and denied in Plaintiffs' 2011 fee petition. *Compare* D.E. 97 at Exh. A (2011 Summary Billing Sheet) with D.e. 142 at Exh. A (April 2013 Summary Billing Sheet).[12] This Court again denied Plaintiffs' request, finding, among other things, that Plaintiffs sought fees that already had been rejected due to Plaintiffs' failure to timely file their fee petition. *See* November 14, 2013 Opinion (D.E. 176) at p. 8, n.3. The Third Circuit did not disturb that finding on appeal in *Templin II*. Accordingly, this Court should reject Plaintiffs' third attempt to resurrect these previously rejected fees.

Moreover, any award of fees must be reduced for the independent reasons that Plaintiffs may not recover (1) purported expert-related costs; (2) travel-related fees and costs, or fees and costs of local counsel; or (3) to the extent their counsel billed time in quarter-hour increments.

---

[12] Plaintiffs supplemented their 2013 fee requests on or about May 16 and August 5, 2013.

*See, e.g.*, IBC Defendants' Brief in Opposition to Plaintiffs' Motion for An Award of Attorneys' Fees and Costs (D.E. 151) at 6-7, which is incorporated herein by reference.[13]

                                              Respectfully submitted,

                                              /s/ Katherine M. Katchen
                                              David L. Comerford
                                              Katherine M. Katchen
                                              AKIN GUMP STRAUSS HAUER & FELD LLP
                                              Two Commerce Square
                                              2001 Market Street, Suite 4100
                                              Philadelphia, PA 19103-7013
                                              Phone: (215) 965-1200
                                              Facsimile: (215) 965-1210

                                              Counsel for the IBC Defendants

                                              Dated: August 31, 2015

---

[13] As set forth above, Plaintiffs also are not entitled to recover fees for drafting or pursuing their baseless, and unsuccessful, claim against the IBC Defendants pursuant to Act 68.

## CERTIFICATE OF SERVICE

I, Katherine M. Katchen, hereby certify that a true and correct copy of the IBC Defendants' Response in Opposition to Plaintiffs' Memorandum of Law Pursuant to this Court's July 23, 2015 Order was filed and served via the Court's ECF system this 31st day of August, 2015, upon counsel of record for the parties.

/s/ Katherine M. Katchen

Katherine M. Katchen

# EXHIBIT A

FILED UNDER SEAL

# EXHIBIT B

# FILED UNDER SEAL