UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER TEMPLIN, VIOLA HENDRICKS, FELDMAN'S MEDICAL CENTER PHARMACY, INC., and FCS PHARMACY LLC <br><br> Plaintiffs, <br><br> vs. <br><br> INDEPENDENCE BLUE CROSS, QCC INSURANCE COMPANY and CAREFIRST, INC., <br><br> Defendants. | Civil Action No. 09-4092 (JHS) |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW
PURSUANT TO THE COURT'S JULY 23, 2015 ORDER**

Anthony Paduano
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
Telephone: (212) 785-9100
Facsimile: (212) 785-9099

Timothy S. Cole
MANTACOLE, LLC
5 Sentry Parkway West, Suite 200
Blue Bell, Pennsylvania 19422
Telephone: (215) 325-1741
Facsimile:  (267) 765-7501

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ...............................................................................................................................3

    POINT I.    DEFENDANTS' ANALYSES OF THE URSIC FACTORS IGNORE THE CLEAR DIRECTIVES OF THE THIRD CIRCUIT IN *TEMPLIN II* ...........3

        A. Defendants' Culpability Analysis Improperly Relates Back to the Claims Portion of this Litigation and Ignores Prior Third Circuit Findings ................................................................................................3

        B. The Relative Merits of the Parties' Positions Weigh in Favor of Plaintiffs ..................................................................................................5

        C. Defendants' Arguments Again Focus on the Claims Phase of the Litigation in Arguing That an Award of Fees Will Not Have a Deterrent Effect ..................................................................................5

        D. Benefit to the Plan as a Whole ...................................................................6

    POINT II.    PLAINTIFF'S ATTORNEYS' FEES AND COSTS ARE REASONABLE ..................................................................................................6

        A.  Plaintiffs Are Entitled to Fees From the Filing of the Second Amended Complaint ..................................................................................7

        B.  Defendants' Objections to Plaintiffs' Billing Entries Are Without Merit ................................................................................................8

CONCLUSION ...........................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

Capital Asset Research Corp. v. Finnegan,
216 F.3d 1268 (11th Cir. 2000) ............................................................................................... 7

Debose v. Apfel,
CIV. A. 98-2096, 2000 WL 298927 (E.D. Pa. Mar. 15, 2000) ....................................................... 8

H.J. Inc. v. Flygt Corp.,
925 F.2d 257 (8th Cir. 1991) ............................................................................................... 9n

Perelman v. Perelman,
793 F.3d 368 (3d Cir. 2015) .............................................................................................. 2, 2n

Simring, United States of America, ex rel. v. Rutgers, The State University of New Jersey,
2015 U.S. App. LEXIS 11669 (3d Cir. July 7, 2015) ............................................................... 8, 9n

Templin v. Independence Blue Cross,
487 Fed. Appx. 6 (3d Cir. 2012) ........................................................................................ 3, 7n

Templin v. Independence Blue Cross,
785 F.3d 861 (3d Cir. 2015) .............................................................................................. passim

U.S. v. NCH Corp.,
No. 98–5268, 2010 WL 3703756 (D.N.J. Sept.10, 2010) ............................................................. 8

Ursic v. Bethlehem Mines,
719 F.2d 670 (3d Cir. 1983) .............................................................................................. passim

Wade v. Colaner,
CIV.A. 06-3715-FLW, 2010 WL 5479625 (D.N.J. Dec. 28, 2010) .............................................. 8

**Other Authorities**

Code of Federal Regulations 2560.503-1(f)(2)(iii)(B) ................................................................. 4n

ERISA §502(a)(1)(B) ............................................................................................................. 6, 7n

ERISA §502(a)(3) ...................................................................................................................... 6

FRE 408 ..................................................................................................................................... 4

Plaintiffs Christopher Templin, Viola Hendrick, Feldman's Medical Center Pharmacy, Inc. and FCS Pharmacy LLC (collectively, "Plaintiffs") respectfully submit this reply Memorandum of Law further addressing their entitlement to an award of attorneys' fees and costs pursuant to this Court's July 23, 2015 Order.[1]

## PRELIMINARY STATEMENT

The positions taken by Defendants in their respective oppositions completely ignore almost the entirety of the Third Circuit's decision in Templin v. Independence Blue Cross, 785 F.3d 861 (3d Cir. 2015) ("Templin II") and are a transparent attempt to avoid the clear directives of that decision. In sum, Defendants argue that the Third Circuit did not make findings as to Plaintiffs prevailing entirely in this Court on all issues presented (Cf. Id. at 867), and as to the misapplication of the factors identified in Ursic v. Bethlehem Mines, 719 F.2d 670 (3d Cir. 1983) that led to this Court's denial of fees (Cf. Templin II at 868).

In Templin II, the Third Circuit held that it was error for this Court to deny Plaintiffs' application for attorneys' fees based upon its assessment of the merits of the parties' positions in connection with the phase of the litigation in which Plaintiffs sought payment of their underlying claims:

> Even if the Appellees did not act culpably in the merits phase of the litigation, this does not answer the question whether they acted culpably in the second phase by refusing to pay pre-judgment interest. That is the more important inquiry because the Appellants are only seeking compensation for attorney's fees which accrued in pursuit of pre-judgment interest, not fees accrued in pursuit of the underlying claims for reimbursement.

Id. (emphasis added).

---

[1] Contemporaneously herewith, Plaintiffs are submitting the Declaration of Anthony Paduano dated September 10, 2015, supplementing the amount of fees and expenses sought to take into account the proceedings had before this Court subsequent to the Third Circuit remand.

Despite this, and based entirely on inapposite constructions and a fairly clear disregard of the decision in Templin II, Defendants now ask this Court to deny Plaintiffs' application. Defendants' arguments are, without exception, the very ones recently rejected by the Third Circuit.

Defendants' misplaced reliance on Perelman v. Perelman, 793 F.3d 368 (3d Cir. 2015), underscores the legal infirmities to their arguments in opposition to Plaintiffs' application for an award of fees. In Perelman, the Third Circuit affirmed the District Court's decision denying Plaintiffs' application for attorneys' fees pursuant to the District Court's analysis of the Ursic factors because Plaintiff did not have constitutional standing to assert the underlying ERISA claims upon which he sought an award of fees. Here, however, Plaintiffs indisputably had standing to assert the claim for interest and in fact, had success on the merits of that claim as finally determined by Templin II. No matter how read, Perelman presents no impediment to an award of fees here.[2]

Finally, Defendants, and particularly CareFirst, spend an inordinate amount of time rehashing a case in the Fourth Circuit (the Feldman case) in an attempt to tar Feldman's -- one of the Plaintiffs herein – simply because it was denied an award of attorneys' fees in that case based upon certain findings.[3] That case, like Perelman, has absolutely no bearing on the fee

---

[2]   IBC notes that Judge Ambro sat on both the Templin II and Perelman panels in an attempt to suggest that Perelman somehow limits Templin II. As is set forth above, it does not. Moreover, it is noteworthy that in Templin II, Judge Ambro as a member of the Panel agreed that the Ursic factors had not correctly been applied and provided a roadmap for the proper application leading to the remand of the fee petition; he made a contrary determination in Perelman. His presence on both panels suggests, therefore, that he had serious misgivings about the denial of fees in this case based upon its specific facts.

[3]   The lengths to which Defendants will go to muddy the record are nowhere more apparent than in their repeated reliance upon the Maryland case throughout their briefs. Moreover, CareFirst's attempted sleight of hand in referring to "FMCP" rather than to "Plaintiffs" in its

application here.  First, that very same case was brought to the attention of the Third Circuit by Defendants in Templin II both during the principal briefing phase and in their motions for reconsideration.  The Third Circuit properly rejected Feldman as a basis to deny fees.  Accordingly, CareFirst's attempts to use that case as a backdrop upon which the Ursic factors should be weighed in this specific case is an attempt to lead this Court down a path which has already been squarely rejected by the Third Circuit.

## ARGUMENT

## POINT I

### DEFENDANTS' ANALYSES OF THE URSIC FACTORS IGNORE THE CLEAR DIRECTIVES OF THE THIRD CIRCUIT IN *TEMPLIN II*

**A.  Defendants' Culpability Analysis Improperly Relates Back to the Claims Portion of this Litigation and Ignores Prior Third Circuit Findings**

The Third Circuit made clear that it was improper to rely upon the claims portion of the litigation in connection with an analysis of the culpability factor. Templin II, supra at 868.

Despite this, Defendants again assert that they were not culpable because they had legitimate reasons for not paying the underlying claims.  (D.E.  192 at 5; D.E. 191 at 3).  Aside from the fact that this argument does not matter, it flies in the face of the Third Circuit's finding in Templin v. Independence Blue Cross, 487 Fed. Appx. 6 (3d Cir. 2012) ("Templin I") that "the IBC defendants delayed approval of plaintiffs' claims for years without explanation." Id. at 15.

---

supplemental opposition is nothing more than a transparent attempt to tar all of the Plaintiffs with the Maryland decision.  Defendants' reliance on a case from another Circuit, which is based upon different facts, with different parties and whose holding was rejected by the Third Circuit in Templin II is improper as a matter of law.  In any event, FMCP is but one of four Plaintiffs in this case.  CareFirst's disingenuous attempt to disregard three additional Plaintiffs in this case -- two of which are individuals who are either hemophilia patients or patient caregivers – is an attempt to misdirect this Court and is typical of the lengths to which Defendants have gone throughout this case to avoid their clear obligations.  This behavior smacks of "culpability" as defined in Templin II.

3

Defendants also would have this Court believe that they were justified in not paying any interest on the claims because Plaintiffs sought recovery of interest pursuant to the alternative pleading of lawful state "prompt payment" statutes.[4]  In so arguing, Defendants completely ignore the Third Circuit finding noted above and established Third Circuit law concerning the payment of interest.  Thus, Plaintiffs should have paid some rate of interest at the time that they paid the underlying claims.  <u>They did not do so and instead litigated for years, continuing to assert that Plaintiffs were entitled to not a penny of interest</u>.[5]

Finally, Defendants' repeated references to attempted "settlements" of the interest issue do not weigh in their favor.  With respect to CareFirst, the evidence clearly establishes that it made no settlement offer.  At most, it promised that it <u>might</u> make an offer if Plaintiffs waived their rights to the very fees they now seek.  Similarly, the IBC Defendants' eleventh-hour insertion of their purported settlement discussions with Plaintiffs is improper.  <u>See</u>, FRE 408.  In any event, as the IBC Defendants concede, they ultimately offered $2,000 to settle the interest claims (together with general releases and other objectionable provisions).  As a result of the continued pressure of the lawsuit, however, the IBC Defendants paid all interest allowed by federal law, a vast multiple of that which they offered in "settlement" and received no future litigation concessions from Plaintiffs.

---

[4] Defendants' repeated references to "punitive" penalties completely ignores the fact that these state prompt-pay statutes are lawful and have been used time and again by plaintiffs to recover interest for claims that are paid delinquently by an insurer.

[5] Defendants do not and cannot sidestep their obligations pursuant to Section 2560.503-1(f)(2)(iii)(B) of the Code of Federal Regulations which requires an ERISA plan administrator, such as Defendants, to notify a claimant of a plan's adverse benefit determination within 30 days of receipt of the claim.  Thus, at the time of payment of the claims, it was incumbent upon Defendants to pay some rate of interest without dragging Plaintiffs through another three years of litigation after payment and another two years of litigation after remand.

4

Accordingly, Defendants' refusal to pay interest to Plaintiffs after approving the claims was "wrong" as was their continued litigation of entitlement to interest in any amount. Defendants are culpable.

### B. The Relative Merits of the Parties' Positions Weigh in Favor of Plaintiffs

Defendants' analysis of the relative merits relies upon the same flawed arguments as to those pressed with respect to culpability but underscores the Third Circuit's determination that the first, [third] and fifth factors of Ursic are closely related. Templin II, supra at 868.

As IBC's submission now makes clear, IBC paid Plaintiffs interest solely as a result of the continued pressure of the lawsuit. CareFirst continued to offer nothing and was ultimately forced to pay. Thus, the relative merits substantially favor Plaintiffs.

### C. Defendants' Arguments Again Focus on the Claims Phase of the Litigation in Arguing That an Award of Fees Will Not Have a Deterrent Effect

In their supplemental opposition, Defendants collectively fail to address any of Plaintiffs' legal arguments concerning deterrence or the cases cited by Plaintiffs in support thereof. Instead, in a repeated effort to mislead this Court, Defendants continue to assert that Plaintiffs' failure to exhaust their administrative remedies led to unnecessary litigation.

Once again, the record undeniably establishes that after Plaintiffs exhausted their administrative remedies, and after Defendants finally agreed to pay the full value of the claims at issue, Defendants continued to assert that they were not required to pay any interest. It was only as a result of the continued pressure of the lawsuit that Defendants paid Plaintiffs substantially more than had been originally offered in settlement (a settlement offer that came a year after all of the claims had been paid) and 100% of the interest required under the federal pre-judgment interest statute. The deterrent effect of an award of attorneys' fees, where a large and well-

5

funded insurer continues to take positions that are contrary to ERISA because regulations and established laws for years, is substantial.

### D. Benefit to the Plan as a Whole

Finally, Defendants assert that there is no benefit to the Plan as a whole because only Plaintiffs received the payments at issue.

In so arguing, Defendants completely ignore that Plaintiffs have conferred a benefit on the plan as a whole because Plan participants now understand that even though the Plan itself did not provide for the payment of interest as a benefit, they could nonetheless seek interest for unduly delayed payments pursuant to ERISA Section §502(a)(3) and still perhaps pursuant to §502(a)(1)(B) (as that possibility was left open by the Third Circuit in Templin I).

Thus, Plaintiffs' continued litigation of the interest issue benefitted the Plan as a whole by identifying alternate means through which interest could be awarded where legitimate claims are not paid on a timely basis.  See, Mark J. Oberstaedt, New 3rd Circuit opinion may change the way ERISA plans approach settlement, INSIDE COUNSEL (June 12, 2015) available at http://www.insidecounsel.com/2015/06/12.

## POINT II

## PLAINTIFFS' ATTORNEYS' FEES AND COSTS ARE REASONABLE

With respect to the quantum of Plaintiffs' request for attorneys' fees and costs, Defendants do not object to the hourly rate sought by Plaintiffs' counsel.  Instead, Defendants take issue with Plaintiffs' request for fees beginning with the filing of the Second Amended Complaint and with certain discrete billing items.  None of Defendants' objections has merit.

### A. Plaintiffs are Entitled to Fees From the Filing of the Second Amended Complaint

If Defendants had not filed the Second Amended Complaint, Defendants would not have paid the interest owed on the more than $2 million in outstanding claims that formed the basis of this lawsuit. Thus, all of Plaintiffs' fees and costs incurred during that period are attributable to the successful recovery of interest and are properly awarded here.[6]

The fact that this Court previously stated that Plaintiffs were not eligible for fees incurred prior to June 30, 2011, because it already denied Plaintiffs an award of fees and costs within this time frame (D.E. 176 at 8 n. 3), is of no moment because Plaintiffs' prior motion for fees was based on their success in obtaining reimbursement on the underlying claims only.[7] That prior decision, therefore, does not preclude an award of all of Plaintiffs' fees relating to the successful prosecution of their interest claim. Cf. Capital Asset Research Corp. v. Finnegan, 216 F.3d 1268, 1273 (11th Cir. 2000) (affirming award of attorneys' fees to party that had prevailed only after reversal on appeal of unfavorable decision below).[8]

---

[6]  CareFirst erroneously asserts that Plaintiffs cannot recover fees incurred in connection with the preparation and filling of the Second Amended Complaint because it did not include a cause of action upon which Plaintiffs could have been awarded interest D.E. 191 at 19). CareFirst is wrong. In Templin I, the Third Circuit noted that it had not yet decided the issue of whether interest was available to ERISA plaintiffs pursuant to Section 502(a)(1)(B) (Templin I at 12, n. 10), a cause of action that was included in the Second Amended Complaint.

[7]  Indeed, this Court agreed that Plaintiffs' present motion for attorneys' fees and costs "for their work only with respect to securing interest" was not settled by its prior decision or the appeal of that decision in the Third Circuit. D.E. 176 n. 4.

[8]  CareFirst also argues that this Court cannot award fees incurred in connection with the filing of the Second Amended Complaint because the Third Circuit did not reverse this Court's prior determination that fees should not be awarded for any time incurred prior to the remand after Templin I. (D.E. 191 at 19). This assertion is similarly wrong. The Third Circuit did not address the issue at all because it remanded the entirety of the fee petition for reconsideration by this Court.

B.  Defendants' Objections to Plaintiffs'
    Billing Entries are Without Merit

Defendants argue that any fee award should be reduced by an unspecified amount because counsels' time in this case was billed in quarter-hour rather than tenth of an hour increments. (D.E. 191 at 25; D.E. 192 at 10). There is no such billing requirement. Rather, courts will consider an attorney's billing practices, including the use of 15-minute billing increments, when there is evidence that such practices artificially inflated the time expended by the attorney. Debose v. Apfel, CIV. A. 98-2096, 2000 WL 298927, *2 (E.D. Pa. Mar. 15, 2000) (Bechtle, J.) (overruling objection to counsel's use of 15-minute increments where respondent "[did] not point to any specific instances. . .which show an artificial inflation of attorney hours expended"); Wade v. Colaner, CIV.A. 06-3715-FLW, 2010 WL 5479625, *17 (D.N.J. Dec. 28, 2010) (noting that "such billing methods are readily used among attorneys and firms, and generally accepted by courts when calculating fees"). See Wade, 2010 WL 5479625 at *17 (identifying U.S. v. NCH Corp., No. 98–5268, 2010 WL 3703756 (D.N.J. Sept.10, 2010), cited by Defendant CareFirst, as a case in which courts "rejected the use of such billing increments where the fees have been unreasonably inflated as a result"). As in Debose, Defendants "do[] not point to any specific instances. . .which show an artificial inflation of attorney hours expended." Accordingly, this objection should also be overruled.

Similarly without merit is Defendants' claim that fees incurred for administrative and clerical tasks are not recoverable. In Simring, United States of America, ex rel. v. Rutgers, The State University of New Jersey, 2015 U.S. App. LEXIS 11669, *10 (3d Cir. July 7, 2015), the Court made clear that administrative and clerical tasks are compensable, as long as the particular task is accomplished by an individual at the appropriate level. Here, Defendants take

8

issue with certain tasks, <u>all of which</u> were performed by paralegals at the appropriate billing rate (D.E. 191 at 21-22).[9]

Finally, Defendants' objection based upon "duplicative" work is without merit. The fact that two attorneys may have appeared on behalf of Plaintiffs during certain conferences or hearings is completely consistent with Defendants' practice. For example, at the January 30, 2013 hearing on interest, a total of three attorneys appeared for Defendants – two on behalf of IBC and one on behalf of CareFirst. For Defendants to suggest that Plaintiffs somehow overstaffed this heavily litigated case or engaged in duplicative work is absurd.[10]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Petition for Attorneys' Fees and Costs from Defendants in the amount of $364,370.15.

Dated: New York, New York
September 10, 2015

                                                PADUANO & WEINTRAUB LLP

                                                By: <u>/s/ Anthony Paduano</u>
                                                    Anthony Paduano
                                                    1251 Avenue of the Americas
                                                    Ninth Floor
                                                    New York, New York 10020
                                                    Telephone: (212) 785-9100
                                                    Facsimile: (212) 785-9099
                                                    ap@pwlawyers.com

---

[9]     Defendants also object to the amount of fees sought by Plaintiffs based upon the <u>quantum</u> of interest recovered by Plaintiffs. The case cited by CareFirst, <u>H.J. Inc. v. Flygt Corp</u>., 925 F.2d 257, 260 (8th Cir. 1991) does not support this contention. Rather, <u>Flygt</u> held that a District Court could properly reduce an attorneys' fee award to take into account the fees attributable to claims upon which plaintiffs were successful and unsuccessful. The only claim at issue here is Plaintiffs' claim for interest. As the Third Circuit clearly ruled in <u>Templin II</u>, Plaintiffs had success on the merits on that claim notwithstanding the fact that Plaintiffs sought recovery of interest utilizing various calculations.

[10]     With respect to the "fees on fees" arguments asserted by Defendants, the Third Circuit has indicated that such fees are compensable. <u>See</u>, <u>Simring v. Rutgers</u>, <u>supra</u> at * 18.

9

MANTACOLE, LLC
Timothy S. Cole
5 Sentry Parkway West, Suite 200
Blue Bell, Pennsylvania 19422
Telephone: (215) 325-1741
Facsimile: (267) 765-7501
TimCole@mantacole.com

Attorneys for Plaintiffs